CITY OF LYNN *vs.* COUNTY COMMISSIONERS OF ESSEX.

Essex.   November 7, 1888. —January 1, 1889.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*County Commissioners — Truant School — Mandamus — Constitutional Law — City — Town.*

Section 14 of the Pub. Sts. c. 48, providing that three or more towns in any county may require the county commissioners to establish a truant school in such county, is mandatory upon the commissioners on a proper requirement being made, and is constitutional.

A town, under an article in a warrant for a town meeting, " To see if the town will unite with other towns in the county of E. to require the county commissioners to establish a truant school," voted so to do, and authorized its school committee to carry out the vote; another town referred to the Pub. Sts. c. 48, § 14, for the law under which its officers authorized to co-operate in securing such a school were to act; and a third town authorized its school committee in its behalf " to petition the county commissioners to establish a school for truant children, in accordance with the provisions of the Public Statutes." All three towns by the proper officers subsequently united in a written requirement to the county commissioners, which followed the terms of the statute, for the establishment of such a school. *Held*, that the town officers were sufficiently authorized to proceed under the statute, and that the county commissioners were duly required to establish such a school.

PETITION for a writ of mandamus, to compel the county commissioners of Essex County to establish a truant school in that

county, under the Pub. Sts. c. 48, § 14.* The case was heard by C. Allen, J., who reserved it for the consideration of the full court, upon agreed facts, in substance as follows.

On March 27, 1884, at a meeting of the town of Peabody to act on the following article of the warrant: "Article 38. To see if the town will unite with other towns in the county of Essex, to require the county commissioners to establish a truant school," it was voted, "that the town unite with other towns in the county of Essex, to request the county commissioners to establish a truant school," and "that the school committee be hereby authorized and empowered to perform all acts necessary to be done under the last vote."

At a legal meeting of the town of Beverly, held on March 4, 1884, it was voted, "that the selectmen and school committee be authorized to co-operate with the town of Peabody, and any other towns, for the purpose of establishing a school for truants in accordance with the law provided in chapter 48, section 14, of the Public Statutes."

At a meeting of the town of Danvers, held on March 3, 1884, it was voted, "that the school committee, in behalf of the town, be authorized to petition the county commissioners to establish a school for truant children, in accordance with the provisions of the Public Statutes."

The city council of the city of Lynn, on February 12 or 13,

---

* This section is as follows:

"If three or more towns in any county so require, the county commissioners shall establish at the expense of the county, at convenient places therein other than the jail or house of correction, truant schools for the confinement, discipline, and instruction of minor children convicted under the provisions of sections ten and twelve; and shall make suitable provisions for the government and control, and for the appointment of proper teachers and officers thereof; but if three or more cities or towns in each of two contiguous counties, or, in case of Norfolk, Bristol, Barnstable, and Plymouth counties, of four contiguous counties, so require, the county commissioners of such counties shall, at the expense of the same, establish at a convenient place therein a union truant school, to be organized and controlled by the chairmen of the county commissioners of such counties, in the manner provided for the government and control of county truant schools by county commissioners; and any county so uniting with another county or counties in the support of a union truant school shall not be required to support a truant school of its own."

1884, passed the following order: " Ordered, that his honor the mayor be and hereby is authorized to inform the secretary of the school committee of the town of Peabody that the city of Lynn will join the towns of Peabody and Danvers in the establishment of a truant school, according to the provisions of the Public Statutes. And it is further ordered that his honor the mayor be and hereby is authorized to make all necessary arrangements with said towns, when requested, for the establishment of said truant school."

In April, 1884, the city of Haverhill addressed the following petition to the county commissioners, which was duly signed: " The undersigned, being duly authorized by concurrent vote of the city council of the city of Haverhill, do hereby respectfully petition your honorable body to establish at some convenient place in our county of Essex, in accordance with the provisions of chapter 48, section 14, of the Public Statutes, a truant school for the confinement and discipline of minor children, such as may be convicted under the provisions of sections 10 and 12 of said chapter 48 of the Public Statutes. Your petitioners respectfully represent that at present there is no suitable place for the confinement of such truants, and that the public good demands that your honorable body take the necessary action to provide such a school as early as you may deem practicable. And would respectfully suggest that Haverhill would be a convenient and suitable place for its location."

The town of Groveland addressed a petition, signed by its selectmen and school committee, and dated May 7, 1884, to the county commissioners, as follows: " We the undersigned, selectmen and school committee of the town of Groveland, by a vote of said town of Groveland at a meeting held April 7, 1884, were instructed to petition your honorable board to establish a truant school in said county of Essex for the confinement, discipline, and instruction of minor children, convicted under provisions of sections 10 and 12 of chapter 48 of Public Statutes, as required by said chapter 48, section 14."

In pursuance of the above votes and orders, the towns of Peabody, Beverly, and Danvers, and the city of Lynn, by the proper officers of each, therein designated, duly signed and transmitted the following: " To the county commissioners of

the county of Essex : The towns of Peabody, Beverly, and Danvers, and the city of Lynn, all in said county of Essex, hereby require you, in accordance with the provisions of the Public Statutes, chapter 48, section 14, to establish at the expense of the county of Essex, at some convenient place therein other than the jail or house of correction, a truant school for the confinement, discipline, and instruction of minor children, convicted under the provisions of sections 10 and 12 of said chapter, and to make suitable provisions for the government and control, and for the appointment of proper teachers and officers thereof."

The county commissioners received the above request, but neglected and refused to establish a truant school in accordance therewith.

If the proceedings as above set forth were sufficient to require the county commissioners to establish a school as prayed for, then a writ of mandamus was to be issued ; otherwise, the petition was to be dismissed.

*J. W. Berry*, for the petitioner.

*W. D. Northend*, for the respondents.

KNOWLTON, J.   It is provided by the Pub. Sts. c. 48, § 14, that, " if three or more towns in any county so require, the county commissioners shall establish at the expense of the county, at convenient places therein, other than the jail or house of correction, truant schools for the confinement, discipline, and instruction of minor children convicted under the provisions of sections ten and twelve; and shall make suitable provisions for the government and control, and for the appointment of proper teachers and officers thereof," etc.   This statute is mandatory ; and county commissioners, upon a proper requirement under it, should establish a truant school, without reference to their own views as to the expediency of so doing.

It is not unconstitutional as a delegation of legislative power. It is complete in itself.   It is as if the Legislature had said, " The county commissioners shall establish and maintain a county truant school in every county where there is a public exigency for one ; and the requirement of three or more towns in a county shall be conclusive proof of the existence of such an exigency."   This method of determining whether the

law shall be set in motion in a given case is merely a detail of administration, for which the Legislature may provide in this way, without delegating the power to make laws. *Stone* v. *Charlestown*, 114 Mass. 214. Opinion of the Justices, 138 Mass. 601.

The only remaining question in the case is, whether as many as three towns made a requirement, within the meaning of the statute. The towns of Peabody, Beverly, and Danvers, and the city of Lynn, by their proper officers, united in a written requirement which followed exactly the terms of the statute. The city of Haverhill and the town of Groveland each presented a written petition for the establishment of a truant school, which did not use the word "require," but referred to the Pub. Sts. c. 48, § 14, as the law under which the commissioners were requested to act. But it is contended that the votes of the towns were not sufficient to authorize their officers to proceed under this statute. The article in the warrant upon which the town of Peabody voted was, " To see if the town will unite with other towns in the county of Essex, to require the county commissioners to establish a truant school," and the vote clearly authorized the school committee to make the requirement. The vote of the town of Beverly referred to the Pub. Sts. c. 48, § 14, for the law under which the town officers were to act. The town of Danvers authorized its school committee, in behalf of the town, " to petition the county commissioners to establish a school for truant children, in accordance with the provisions of the Public Statutes."

These several votes, reasonably interpreted, could not relate to any other mode of proceeding than that which was adopted. They all, in terms, referred to the establishment of a truant school under the Public Statutes. The only other mode in which a town could join with others in procuring the establishment of a truant school under the statutes is that provided in the last part of the section above referred to, which relates to the action of three or more cities or towns, in each of two or three contiguous counties, to require the county commissioners of those counties to establish a union truant school. But there is nothing in either of these votes to indicate that the towns intended to proceed under this provision, and in relation to a

provision so peculiar, if they had so intended, they would have indicated it.

These three towns having sufficiently authorized their officers to proceed under the Public Statutes and require the establishment of the school, it becomes unnecessary to inquire whether the cities that joined in this requirement can be included. For the use of the words " cities or towns," in the last part of § 14, and of " towns " alone in the first part, makes it at least doubtful whether clause 23 of the Pub. Sts. c. 3, § 3, which provides that " the word ' town ' may be construed to include cities," is applicable to this case.

It is also unnecessary to consider whether, under the agreed statement of facts, the recital of the vote of the town in the petition of the selectmen and school committee of the town of Groveland is to be considered as true, — the vote itself not being otherwise given.

It appearing that at the least three towns required the county commissioners to establish a truant school, in accordance with the provisions of the statute, the order must be

*Alternative mandamus to issue.*