Argued April 1, decided June 15, rehearing denied August 17, 1909.

**ROGERS *v.* PORTLAND LUMBER CO.**

[102 Pac. 601; 103 Pac. 514.]

MASTER AND SERVANT—INJURIES TO SERVANT—EMPLOYER'S LIABILITY ACT—PLEADING.

1. To entitle an injured employee to recover under Laws 1907, p. 302, requiring safeguarding of dangerous machinery in mills and factories, he must plead noncompliance by the master with the terms of the act; that the injury was the result of such noncompliance, and that plaintiff had given notice to the employer within six months, of the time, place, and cause of the injury.

MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE OF MASTER—
    QUESTION FOR JURY.

2. In an action for injuries to a servant by the sudden starting of machinery, evidence *held* to require submission of the question whether the injury was the result of defendant's negligence, to the jury.

MASTER AND SERVANT—INJURIES TO SERVANT—SAFEGUARDING GEAR-
    ING—QUESTION FOR JURY.

3. Where a machine, by which plaintiff was injured while assisting to repair it, was liable to start automatically, whether it was a safe place for repairers without safeguarding the gearing, was for the jury.

MASTER AND SERVANT—INJURIES TO SERVANT—CONTRIBUTORY NEGLI-
    GENCE.

4. Where a servant was injured by the alleged automatic starting of a machine as he was assisting in repairing the same, and he had no notice that it was liable to start automatically, he was not negligent as a matter of law in failing to take a safe position, and the question of assumed risk and contributory negligence were for the jury.

MASTER AND SERVANT—INJURIES TO SERVANT—DANGEROUS MACHINERY—
    MASTER'S DUTY.

5. Where a servant was injured by the automatic starting of certain gearing, while he was repairing a chain connected therewith, and defendant's foreman knew that it was liable to so start, it was defendant's duty to take some precaution to prevent such result.

MASTER AND SERVANT—INJURIES TO SERVANT—KNOWLEDGE OF FORE-
    MAN—DEFECTIVE MACHINERY—QUESTION FOR JURY.

6. Knowledge of defendant's foreman that certain machinery in its mill was liable to start automatically was the knowledge of defendant, and whether it was negligence for defendant to leave the gearing unguarded, was a question for the jury.

MASTER AND SERVANT—INJURIES TO SERVANT—CAUSE OF ACCIDENT.

7. Where a servant was injured by the sudden starting of machinery while he was repairing it, and it was shown that the machinery was liable to start automatically by the vibration of other machinery in motion, plaintiff's failure to allege or prove directly what caused the machinery to start was not fatal to a recovery.

From Multnomah: THOMAS O'DAY, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action for personal injuries suffered by plaintiff, Joseph M. Rogers, on July 18, 1907, while employed in defendant's sawmill. Plaintiff was employed as an assistant to Van Loo, a millwright, and, at the time of the injury complained of, he was helping Van Loo, in the line of his duty, in repairing one of the chains used in transferring timber from the main carriage to the pony carriage, which conveys the timber to the saw. The cogwheel gearing in which plaintiff was injured and

the chain upon which the repairs were being made were situated immediately under the upper floor and about seven feet above the lower floor. The workmen, in making the repairs, stood upon a wooden horse placed on the lower floor. While thus engaged plaintiff's jumper caught in the gearing and pulled him into it, injuring his arm so that it was necessary to amputate it at the shoulder joint. The evidence is not very definite as to the gearing; but, as we understand it, the power is transmitted to the cogwheel gearing and shaft, which drives the chains, by a double friction driving gear. The friction gear consists of two friction wheels constantly revolving in opposite directions. A large disc or wheel, located between them, and which communicates the power to the cogwheel gearing, is put in motion by contact with one or the other of the friction wheels. It is controlled on the upper floor by a lever and is stopped by placing the disc at, what witnesses term, "dead center." The arm of the operating lever on the upper floor is detachable at the floor, leaving a short portion of it below the surface of the floor. The cogwheel gearing is within 12 or 18 inches of the chain. At the time of the accident the power had been shut off and the lever removed; but there is a conflict in the evidence as to whether the gearing had ceased moving, when plaintiff commenced to make the repairs, or was still revolving by its own momentum. Plaintiff charges negligence on part of defendant—(1) its failure to have a lock upon the lever which controlled the center friction wheel, and (2) failure to have the gearing covered—and alleges that the gearing was set in motion in some manner unknown to plaintiff.

The answer denies that there was any negligence on defendant's part, and alleges that plaintiff assumed the risk of injury from the unguarded gearing, that the injury was the result of the negligence of a fellow servant, and alleges contributory negligence, in that plaintiff voluntariy took an unsafe place to work when a safe

place was available to him, and that it was negligence for him to commence the repairs while the gearing was in motion.

At ·the close of plaintiff's evidence, defendant moved for a judgment of nonsuit, for the reason that plaintiff had failed to prove a cause sufficient to be submitted to the jury, which motion was denied. At the close of the case defendant asked the court to direct a verdict in its favor, which was denied. These two rulings are the errors relied on. Upon the trial a verdict was rendered for plaintiff. Defendant appeals.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Ralph W. Wilbur.* ·

For respondent there was a brief and an oral argument by *Mr. Henry E. McGinn.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. Plaintiff, in his brief, relies on the provisions of the act of February 25, 1907 (Laws 1907, p. 302), providing for safeguarding dangerous machinery in mills and factories, as precluding the defense that plaintiff assumed the risk of unguarded machinery. To entitle an employee to recover for injuries, resulting from a violation of the provisions of that act, it is necessary to plead noncompliance by the employer with the terms of the act, and that the injury was the result of such noncompliance, and also plead a compliance by plaintiff with the conditions of recovery for resulting injury by giving notice, within six months, to the employer, of the time, place, and cause of the injury. There is no suggestion in the pleadings that the statute has been violated by defendant, or that plaintiff relies upon a violation thereof. Therefore the provisions of the act are not available to plaintiff in this action.

2. As to the cause of the injury, the evidence tends to show that, when the chain broke, Wallace, the operator,

set the lever at dead center, and afterwards notified plaintiff and Van Loo to repair the same. Moyer, the sawyer, says that after this "I sawed up the cant on my carriage, and turned around to load the next one, and I saw this 17 (57) foot cant lying on the rolls, and I ran for the lever and grabbed it, and just as I grabbed it Mr. Wallace came around and grabbed it".; but he thinks he did not move it off center. After plaintiff fell on the gearing, Van Loo went up stairs to throw the lever off; but "the lever was straight up and down," and he did not touch it. As indicated by the evidence, these are the only persons who were near the lever. We refer to this evidence to show its tendency to establish that the lever was not moved from the center by the act of any person. Plaintiff testified that the gearing was not moving when he started to fix the rivet in the chain, while Van Loo is equally as positive that it was still running by its own momentum. Van Loo says that plaintiff's being caught in the gearing was sufficient to, and did stop it, which further tends to show that the power was not on. Wheeler, who was a millwright employed in this mill in June, prior to this accident, was called as a witness by defendant, and testified: That, at one time, when he was helping Kidd, the foreman, to repair the chain, the disc was moving rapidly, and Kidd told him to see if there was any space between the disc and the friction wheel; that Kidd directed him to get a scantling and put a brake on it, which witness did, and stopped it, and when released it started again, and he had to hold it with the scantling until the repairs were completed. He states that the friction was not touching by three sixteenths of an inch, and, in explaining the cause of its starting, says:

"Well I think the cause of that was that the connection between the lever and the disc—that is, between the main lever and the lever that works the box back and forth, to throw the disc against first one friction and then the other—was loose."

Plaintiff says the gearing was not moving when he commenced the repairs, and that it started suddenly, causing the injury. The evidence tends to establish that the gearing was stationary when plaintiff commenced to repair the chain, and, at the time of the injury, it started automatically by reason of defects in the machine and the lever connections, of which defendant had notice, and was sufficient to be submitted to the jury, as to whether the injury was the result of the negligence of defendant.

3. If the machine was liable to start automatically, then, whether it was a safe place for the repairers to work without safeguarding the gearing, was a question for the jury. Although the gearing was located out of reach of the ordinary workmen, yet the millwrights had occasion to work about it a great deal. Van Loo says that Rogers helped him to repair that chain many times, and he speaks of it as a common occurrence. Wheeler testifies that he helped repair it, and plaintiff states that he helped repair it ten or twelve times, and that it broke very frequently. In *Geldard* v. *Marshall*, 43 Or. 438 (73 Pac. 330), one of the issues was practically the issue here—whether there was any evidence from which the jury could have found negligence on the part of defendant —in regard to which Mr. Justice BEAN says: "It is not necessary that there should be positive proof of negligence. It, like any other fact, may be inferred from the circumstances. There may be, and are, cases in which the master's negligence is clearly inferable, although there is no positive proof thereof. The rule is that if two inferences may be legitimately drawn from the facts in evidence, one favorable and the other unfavorable to the defendant, a question is presented which calls for the opinion of the jury. If, however, there is no proof of any fact by which the defendant's conduct may be ascertained, there is nothing for the jury. The mere proof of an accident therefore ordinarily raises no presumption of negligence; but, where it is accompanied by

proof of facts and circumstances from which an inference of negligence may or may not be drawn, the case cannot be determined by the court as a matter of law, but must be submitted to the jury. *Griffin* v. *Boston & Albany R. Co.,* 148 Mass. 143 (19 N. E. 166: 1 L. R. A. 698: 12 Am. St. Rep. 526) ; *Mooney* v. *Connecticut River Lum. Co.,* 154 Mass. 407 (28 N. E. 352) ; *Barnowsky* v. *Helson,* 89 Mich. 523 (50 N. W. 989: 15 L. R. A. 33) ; *Blanton* v. *Dold,* 109 Mo. 64 (18 S. W. 1149). Therefore it was a question for the jury whether the gearing was liable to start automatically, and should have been safeguarded.

4. As to the question of contributory negligence by the plaintiff, it is alleged in the complaint, stated in the answer, and the testimony shows, that it was customary and necessary to the safety of the workmen, when repairing the chain in question, to stop the gearing. Van Loo says:

"And when there is any repairing on that, they pull that lever off and throw it down, and the man operating that is supposed not to touch it unless we give him orders that it is all O. K. "

There is testimony tending to show that it had stopped when plaintiff approached it. If so, and he had no notice that it was liable to start automatically, then the questions whether he had a right to rely upon the machine remaining stationary, whether he assumed the risk, and whether it was negligence for him to work on the north side of it, although it might have been safer on the other side, when the machine was in motion, were for the jury. *Donahue* v. *Drown,* 154 Mass. 21 (27 N. E. 675) ; *Blanton* v. *Dold,* 109 Mo. 64 (18 S. W. 1149).

Both the questions of assumed risk and contributory negligence were proper questions to be submitted to the jury upon the evidence adduced, and we find no error in the denial of the motion for nonsuit or for a directed verdict.                                     Affirmed.

Decided August 17, 1909.

## ON PETITION FOR REHEARING.

[103 Pac. 514.]

MR. JUSTICE EAKIN delivered the opinion of the court. The basis for this motion is that the cause of the accident is not definitely shown by the evidence, and that therefore the liability of defendant is not established, and nonsuit should have been allowed.

5. The complaint alleges "that it was the duty of the defendant to have said gearing stationary during the time that plaintiff and those employed with him were engaged in repairing the chain, and this is conceded by all the witnesses. There was testimony tending to show that the gearing was stopped before the repairs were commenced. Plaintiff had a right to act on the assumption that it would not start while he was at work upon it, and the evidence indicates that it was not started by any fellow workman. If the machinery was of such character, or in such a condition, that it was liable to start automatically or by the vibration caused by other machinery in motion, and defendant had knowledge of that fact, then it was its duty to provide a lever lock, notwithstanding it was not usual to use a lock on such a lever; or, if not practicable to use a lock, then to use some other precautions to avoid such a result.

6. As stated in the opinion, there was evidence tending to show that defendant's foreman knew by his own experience a short time before that the gearing was liable to start automatically, and this was knowledge by the defendant, and the proof upon these questions brings the case within the allegations of the complaint, and was properly submitted to the jury. The evidence upon the question as to whether it was negligence on the part of the defendant to leave the gearing unguarded was also sufficient to take the case to the jury, regardless of what started the machinery. We have not based this

decision on the principle of *res ipsa loquitur,* but upon the proof tending to establish defendant's negligence.

7. It is not fatal to plaintiff's case that he does not allege or prove directly what caused the machinery to start. As said in *Geldard* v. *Marshall,* 43 Or. 438 (73 Pac. 330), cited in the opinion, if there are circumstances proved from which the jury can properly infer negligence, it is sufficient to be submitted to them. *Duntley* v. *Inman,* 42 Or. 334 (70 Pac. 529 : 59 L. R. A. 785), cited by defendant to the effect that the defendant has performed his duty when he has furnished such appliances as are ordinarily used for the purpose intended, is qualified by the condition that he keep them in proper condition. In that case it is said: "In some instances the circumstances attending the accident may be sufficient, if unexplained, to justify the jury in drawing an inference of negligence. In such cases, however, the physical facts themselves are evidential" and speak of the neglect.

The motion for rehearing is denied.

                   AFFIRMED: REHEARING DENIED.