WILLIAM FRANKLIN HUME *vs.* FORT HALIFAX POWER COMPANY.

Kennebec.    Opinion October 7, 1909.

*Master and Servant.   Negligence.   Duty of Master.   Fellow Servant.   Vice-Principal.*
*Failure of Master to Warn Servant of Dangerous Conditions.*

The duty imposed upon a master to warn his servant of dangers attendant upon the place of the employment, of which the master has knowledge, and which are unknown to the servant, is a personal duty. The servant has the right to look to the master for the discharge of it. If instead of discharging it himself the master employs another to do so then that other stands in the place of the master, becomes a substitute for him, a vice-principal, in respect to the discharge of that duty, and the master then becomes liable for the acts and the negligence of such other person in the premises to the same extent as if he had performed those acts and was guilty of the negligence personally.

In an action on the case to recover damages for personal injuries sustained by the plaintiff, *held* that there was no error in the refusal of the presiding Justice to instruct the jury that the foreman of the crew in which the plaintiff was working was a fellow servant of the plaintiff, for in respect to informing the plaintiff of the dangers attendant upon the place where the foreman directed the plaintiff to work he was not his fellow servant, but a vice-principal of the master.

In an action on the case to recover damages for personal injuries sustained by the plaintiff, *held* (1) that there was no reversible error in the refusal to give the request that, if the place in which the plaintiff was set at work was unsafe and unsuitable, it had become so through the act of a fellow servant. It was unimportant how or by whom the dangerous conditions were created so long as they existed in fact, and the plaintiff did not know of them, but the defendant did, through its foreman, and was required by law to inform the plaintiff of them. (2) That the negligence complained of was not that dangerous conditions were created and existed, but that the plaintiff was not warned of them.

In an action on the case to recover damages for personal injuries, the plaintiff recovered a verdict for $3750, *held* that the verdict must be sustained.

On motion and exceptions by defendant.    Overruled.

Action on the case to recover damages for personal injuries sustained by the plaintiff while in the employ of the defendant and caused by the alleged negligence of the defendant. Plea, the

general issue.   Verdict for plaintiff for $3750.   The defendant excepted to certain rulings during the trial, and also filed a general motion for a new trial.

The case is stated in the opinion.

*Forrest Goodwin, and H. E. Cook,* for plaintiff.

*Charles F. Johnson,* for defendant.

SITTING :   WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

KING, J.   This case is before the Law Court on defendant's exceptions and motion for a new trial.

In prosecuting the work of constructing a dam and power plant across the Sebasticook river at Winslow the defendant excavated a large quantity of slate rock and dirt which it deposited a short distance below the excavation in a pile some 12 to 15 feet high and extending from the shore out into the river 85 to 100 feet.   Shortly before February 27, 1908 the defendant began removing this pile. At that time its top and sides were frozen, forming a thick crust which had to be broken down and picked in pieces to facilitate its being loaded on teams and barrows.   Blasts with dynamite were made frequently to break this crust and dislodge overhanging portions of it.   A crew of about twenty men under the charge of Lewis Emerson as foreman were engaged in the work.   On February 26, 1908 the plaintiff was employed by the defendant's superintendent to assist in this work, and was directed to report for duty to the foreman.   He worked the afternoon of that day near the shore end of the pile.   The next forenoon, being stormy, he did not work, but joined the crew when the whistle blew after the noon hour, and in a few minutes thereafter, while at work with his pickaxe at the bottom of the slope of the pile, and at a point about two-thirds of the length of the pile from the shore, a large piece of this frozen rock and dirt fell from the top of the pile, killing one man, Mr. Glidden, and entirely burying the plaintiff beneath it, causing him the injuries for which this action is brought.

There was a crack on the top of the pile, above the place where the plaintiff was working when injured, which one witness described

as "from two to three inches wide" and "probably ten feet or such a matter" long, and described by another witness as "a crack perhaps three-fourths of an inch wide in some places" and "fifteen or eighteen feet long."

During the forenoon of the day of the accident it snowed, the weather being soft and warm, and as the work progressed the rock and dirt were worked out from under the crust leaving an overhanging mass at the top above the place of the accident. During that forenoon an attempt was made to pry off and dislodge this mass from the top with bars. Failing in this the foreman decided to blast it off with dynamite, and during the noon hour he and Glidden drilled two holes up underneath the overhang, and were filling the first hole with dynamite when the whistle blew and the crew came out to work. While they were preparing to load the other hole the mass suddenly fell with the sad results stated.

The plaintiff claimed that his injuries were caused by the negligence of the defendant in placing him at work in an unsafe place, and in not informing him of certain dangerous conditions known to the defendant, but of which he had no knowledge.

On the other hand the defendant contended that the risk of portions of the frozen crust of this pile of rocks and dirt falling from the top to the bottom of the slope as the work progressed was a risk incident to and attendant upon the exercise of the plaintiff's employment, which he assumed by entering upon the work, and further that he was warned by the foreman not to work at that place, and that his own negligence contributed to his injuries.

The exceptions are to the refusal of the presiding Justice :

(1) To direct a verdict for the defendant. (2) To instruct the jury that Emerson, the foreman, was a fellow servant of the plaintiff and that the defendant company was not responsible for his negligence in the premises. (3) To instruct the jury that, if the place in which the plaintiff was set to work was unsafe and unsuitable it had become so through the act of a fellow servant.

The jury answered in the affirmative these specific questions submitted to them by the presiding Justice :

1. Did the plaintiff exercise in the premises the due care required of him so that no negligence of his contributed to his injury?

2. Was the nature of the danger or risk such that the plaintiff would not have appreciated it by the exercise of ordinary care to understand it?

3. Is it true that the defendant company did not warn the plaintiff of the danger of the work he was employed in?

4. Was it negligence on the part of the defendant company not to warn the plaintiff of such danger?

I. It is apparent that the place where the plaintiff was working when injured was unsafe, because of the danger of this portion of overhanging crust falling. Important and special causes of that danger were the crack on the top of the crust, the effect of the attempt to pry the overhang off with bars during the forenoon, and the drilling of the holes up underneath it. Of these special causes of danger the plaintiff had no knowledge. It is not claimed that he knew of the existence of the crack. He said he did not, and it could not be seen from below. Neither did he know what had been done that forenoon in his absence, nor that the holes had been made. There was but little time for him to have observed and appreciated even the extent of the overhang resulting from the work of the forenoon, for the accident happened within a few minutes after the whistle blew. There were others of the crew working near him at the time of the accident, two workmen being as near him as they could work with pickaxes. In view of all the facts and circumstances, and provided the plaintiff was not warned of the danger, it is not made manifest to the court that the jury erred in their answers to the first and second questions submitted, and thus finding that the plaintiff was in the exercise of due care, and that the nature of the danger was such that he would not have appreciated it by the exercise of due care.

II. The important question of fact in the case, and which was sharply contested, was whether the plaintiff was warned of the danger. The foreman claimed that he was; that when the crew, including the plaintiff, came out to work he directed them to work over near the shore, and that, a few minutes later, finding the plaintiff and

another workman back at the place where plaintiff was hurt, he sent them over with the others, putting his hand on the plaintiff's shoulder with some show of force, and there was some testimony tending to corroborate the foreman. · The plaintiff denied all this and claimed that he was not warned of danger by any one, and that the foreman directed him to work at this particular place. There was testimony from two other workmen tending to corroborate the plaintiff. This question of fact was for the jury to determine. It was particularly called to their attention by the third special question submitted to them. Their answer shows that they did not overlook it. They saw the witnesses, and it was for them to judge of their credibility and the weight to be given to their testimony. They decided in the plaintiff's favor, and it does not appear to this court that their decision was so unmistakably wrong that it must be set aside.

III. Was it negligence on the part of the defendant company not to warn the plaintiff of the special and peculiar dangers that then were attendant upon the place where the plaintiff was set at work? The jury found that it was, and we think that finding is justified in fact and in law.

It is too well settled now to admit of discussion that one of the duties which an employer of labor assumes towards his employee is to exercise reasonable care and diligence to provide a reasonably safe place at which the employee is to work. And, moreover, the law implies that the discharge of this duty requires the master to notify his servant of any and all special risks and dangers of the employment, and of all dangerous conditions attendant upon the place of the exercise of the employment, of which the master has knowledge, or by the exercise of reasonable care would have knowledge, and which are unknown to the servant and would not be known and appreciated by him if in the exercise of reasonable care on his part.

This duty thus imposed upon the master is personal. The servant has the right to look to him for the discharge of it. If, instead of discharging it himself, the master employs some other person to do it for him, then such other person stands in the place of the master,

and becomes a substitute for him — a vice-principal — in respect to the discharge of that duty, and the master then becomes liable for the acts and the negligence of such other person in the premises to the same extent as if he had performed those acts and was guilty of the negligence personally. We need only cite the quite recent case of *Welch* v. *Bath Iron Works*, 98 Maine, 361. But see the recent case of *Manuel* v. *Mayor*, etc., *of City of Cumberland*, 73 Atl. Rep. p. 709, and case there cited.

From the evidence, and special findings of the jury, in this case we think it must be accepted by the court as established in fact that the defendant, acting by its foreman, set the plaintiff at work in the place where he was injured; that that place was then attended with certain risks of danger which the plaintiff did not know, and would not have known and appreciated by the exercise of reasonable care on his part, but the knowledge of which was essential to the plaintiff's safety; and that the defendant's foreman when he set the plaintiff at work in that place knew of those risks of danger and neglected to notify the plaintiff of them.

It follows then, from an application of those principles of law above referred to, that this neglect of the foreman to notify the plaintiff of those risks of danger is in law the neglect of the defendant. It had entrusted to its foreman the duty of placing the defendant in a reasonably safe place to work, the discharge of which duty, under the facts established in this case, involved the necessity of informing the plaintiff of the risks of danger attending the work in that place which the foreman knew. In the discharge of that personal duty of the defendant the foreman became its substitute, and stood in its place, and his negligence was the negligence of the defendant. The first exception and motion, presenting as they do the same question in effect, must, therefore, be overruled.

IV. It follows from what has been said above that there was no error in the refusal of the presiding Justice to instruct the jury that the foreman was a fellow-servant of the plaintiff and that the defendant was not responsible for his negligence in the premises.

In respect to the negligence here complained of, the failure to inform the plaintiff of the risks of danger attendant upon the place

where he was set at work—for, the foreman was not a fellow-servant of the plaintiff, but a substitute for the defendant, a vice-principal, for whose negligence the defendant was responsible.

V.   Lastly, there was no reversible error in the refusal to instruct the jury that, if the place in which the plaintiff was set at work was unsafe and unsuitable, it became so through the act of a fellow servant.  As a statement of fact that may be true in whole or in part, but it is of no consequence in the determination of the rights of the parties here.  The negligence relied upon in this suit is the failure of defendant to inform the plaintiff of risks of danger attending his working in the place where he was set at work.  It is unimportant how or by whom those risks were created, so long as they existed in fact, and the plaintiff was entitled by law to be notified of them by the defendant.  The plaintiff does not here claim that the foreman was not his fellow servant so far as he may have personally acted with his own hands in working out the rocks and dirt from under the overhang, or in working upon it to dislodge it, or in drilling the holes up underneath it.  None of those acts were necessarily negligent acts; so far as anything appears here to the contrary they may have been perfectly proper and necessary acts in the prosecution of the common work of removing the pile of rocks and dirt.  The plaintiff's case is predicated, not upon the proposition that the foreman did cause, or assist in causing, the dangerous conditions which rendered the place where he was set at work unsafe, but upon the alleged claim that the defendant delegated to its foreman the discharge of a personal duty, which it owed to him, to inform him of those dangerous conditions, and that the foreman was negligent in the discharge of it.

It is not contended in argument before this court that the damages awarded by the jury to the plaintiff for his injuries are excessive.  Accordingly the entry will be,

*Exceptions and motions overruled.*
*Judgment on the verdict.*