Argued June 30, writ allowed July 14, 1925.

# STATE EX REL. PIERCE ET AL. *v.* COOS COUNTY

## ET AL.

### (237 Pac. 678.)

**Taxation — Act Authorizing Remission of Interest, Penalties and Costs Held Mandatory.**

1. Laws of 1925, page 612, authorizing remission by County Courts of interest, penalties and costs, accruing in connection with taxes levied for certain years, if paid prior to certain date, *held* mandatory despite its permissive form.

**Taxation—Act Authorizing Remission of Interest, Penalties, and Costs, Accruing in Connection With Taxes, Held not Discriminatory.**

2. Laws of 1925, page 612, authorizing remission of interest, penalties and costs accruing on taxes levied for certain years, applicable to taxpayers who pay their taxes prior to specified date, *held* not discriminatory, merely because other taxpayers, who previously paid their taxes, together with interests and penalties, are not included.

**Statutes—Assumed Invalidity of Emergency Clause in Act Authorizing Remission of Interest, Penalties and Costs on Taxes Held not to Invalidate Rest of Act.**

3. Assumed invalidity under Constitution, Article IX, Section 1a, of the emergency clause in Laws of 1925, page 612, which authorizes remission of interest, penalties, and costs, accruing on taxes levied for certain years, *held* not to invalidate rest of act.

**Statutes — Act Authorizing Remission of Interest, Penalties and Costs, Accruing in Connection With Taxes Levied for Certain Years, Held not Act Regulating Taxation, Within Constitutional Provision as to Emergency Legislation—"Tax"—"Penalties."**

4. Laws of 1925, page 612, authorizing a remission of interest, penalties and costs, accruing in connection with taxes levied for certain years, applicable to taxpayers who pay their taxes prior to specified date, *held* not an act regulating taxation within Constitution, Article IX, Section 1a; "taxes" being a contribution prescribed by statute and levied by authorities for the support of the government, as distinguished from "penalties" which are somewhat in the nature of a fine upon delinquent taxpayer for delay in paying his taxes, and not levied by the counties as part of the taxes, but as creatures of the statute.

---

3. See 25 R. C. L. 801.
4. See 26 R. C. L. 22.

Taxation — Act Authorizing Remission of Interest, Penalties and Costs Held not in Conflict With Constitutional Provision as to Equality and Uniformity.

5.  Laws of 1925, page 612, authorizing remission of interest, penalties and costs, accruing in connection with taxes levied for certain years, *held* not void as conflicting with constitutional provision as to equality and uniformity.

---

See (1) 37 Cyc. 1545.   (2) 37 Cyc. 745.   (3) 36 Cyc. 982.   (4) 36 Cyc. 1194; 37 Cyc. 706, 709.   (5) 37 Cyc. 745.

Original proceedings in *mandamus*.

WRIT ALLOWED.

For petitioners there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. J. B. Hosford,* Assistant Attorney General.

For defendants there was a brief and oral argument by *Mr. J. B. Bedingfield,* District Attorney.

McBRIDE, C. J.—This is an original proceeding in *mandamus* brought by the petitioners, who claim to be the owners of certain lands in Coos County, and to compel the defendants to comply with the provisions of Chapter 314, General Laws of Oregon for 1925, which act is as follows:

"An Act to remit penalty and interest on certain taxes, and declaring an emergency.

"Whereas the farmers and agricultural interests of the state of Oregon have been suffering under severe handicaps due to the general depression in agriculture in recent years; and

"Whereas the severe winter in eastern Oregon has frozen much of the recently planted grain crop and in other portions of the state materially injured other crops, and it will be difficult, if not impossible, for many of the farmers of the state to promptly pay their taxes:

---

5.  See 26 R. C. L. 252.

"Be it Enacted by the People of the State of Oregon:

"Section 1. The county courts of the several counties of the state may and are hereby authorized to remit all interest, penalties and costs which have been or may be incurred on all taxes levied in their respective counties on the tax rolls for the years 1921, 1922 and 1923 to all taxpayers who, prior to May 1, 1925, or prior to the date on which foreclosure of certificates of delinquent taxes could have been instituted under the law if certificates of delinquency had been issued, shall have paid the original amount of such delinquent taxes on the property affected. It shall be the duty of the tax collector upon whose rolls any such interest, penalties and costs may have been remitted through the authority of this act to forthwith satisfy and cancel the same upon such rolls; provided, however, that this act shall not apply to any tax upon which a certificate of delinquency has been issued.

"Section 2. It is hereby adjudged and declared that existing conditions are such that this act is necessary for the immediate preservation of the public peace, health and safety; and, owing to the urgent necessity, an emergency is hereby declared to exist, and this act shall take effect and be in full force and effect from and after its approval by the governor."

1. It is not questioned that the petition for a writ and the writ itself are in due form and effective unless the act is unconstitutional. It is contended by the defendants on demurrer to the writ that the act is merely permissive, leaving to the various County Courts the discretion whether to make such remission or to withhold it. On the other hand, it is contended, by the petitioners for the writ that the act is mandatory, and that upon the compliance with its provisions, there is no discretion in the County Courts as to its duty in the premises.

We are of the opinion that the words used, to wit: "The county courts of the several counties of the state may and are hereby authorized to remit," etc., when used in the connection in which they appear in the act should be construed as mandatory. While in form permissive, they are peremptory when used to clothe a public officer with the power to do an act which ought to be done for the sake of justice, or which concerns the public interest or the rights of third persons: *Ex parte Banks,* 28 Ala. 28; *Rex* v. *Barlow,* 2 Salk. 609; *Johnston* v. *Pate,* 95 N. C. 68; *Lynn* v. *County Commrs.,* 148 Mass. 148 (19 N. E. 171); *Bowen* v. *Minneapolis,* 47 Minn. 115 (49 N. W. 683, 28 Am. St. Rep. 333); and various other authorities to that effect, which will be found in a note to Section 636, Vol. II (2 ed.), Lewis' Sutherland on Statutory Construction.

We are aware that there are a few authorities contradictory to the view above enunciated, but we are satisfied that it is in accordance with the great weight of authority and accords with the logic of the situation as applied to this particular case. The preamble of the act indicates an intention to make it applicable to the whole state. It recites the fact that the farmers and agricultural interests of the state have been suffering under severe handicaps due to the general depression in agriculture during the present year. It also recites the consequences of a severe winter in eastern Oregon and in other portions of the state, and asserts that it will be difficult, if not impossible, for many of the farmers of the state to pay their taxes promptly. We think that the preamble indicates an intent to make the act applicable to the state as a whole, and that the provision, authorizing the County Courts of the several counties of the state to make remission of interest,

penalty and costs, was intended merely for convenience in making such remission a matter of record upon the assessment-roll.

2. It is urged that the act is unconstitutional, because of a lack of uniformity, and that it is discriminatory in character. But it is not discriminatory, because it applies to all persons of a particular class, to wit: taxpayers, who have paid their taxes prior to May 1, 1925, as a class. Such a provision would not seem to be unreasonable as urged by counsel, because others, who have previously paid their taxes together with interest and penalties, are not included.

It may well be, and no doubt is the case, that while those able to pay before the first had complied, there will still be found a large class, who under existing depressions, are utterly unable so to do, and the penalties, which the law had previously imposed on noncompliance, would render payment still more improbable or more onerous.

We have heretofore held that the increased percentage and other burdens, prescribed by the legislature for nonpayment of taxes, are in the nature of penalties and are not part of the taxes: *Colby* v. *Medford,* 85 Or. 485, 527 (167 Pac. 487). They may have been prescribed as a means of inducing the taxpayers to pay promptly, but they are distinctive from the tax itself. Taxes are a contribution prescribed by the statute and levied by the authorities for the support of the government; and, as stated in *State of Texas* v. *Galveston, etc.,* 100 Tex. 153 (97 S. W. 71), the penalties are somewhat in the nature of a fine upon a delinquent taxpayer for his delay in paying his taxes. They are not levied by the counties as part of the taxes, but are creatures of the statute, and what the statute has imposed, by way of penalty, the statute can remit.

3. The language of Section 1a, Article IX of the Constitution is urged by the defendants as an objection to the act in question, which section is as follows:

"The legislative assembly shall not declare an emergency in any act regulating taxation or exemption."

Even if this section had any application to the act in question, such application would not go to the extent of rendering the whole act void on the ground contended by the defendants, inasmuch, as even without an emergency clause, the act would have gone into effect before this writ was issued or application made therefor. Even if the emergency clause was unauthorized, the act itself would be valid, and was in full effect ninety days after the adjournment of the legislature and before this proceeding was begun.

4, 5. We do not regard this, however, as an act regulating taxation, but merely as an act remitting certain penalties, which would otherwise have accrued but for its passing. The act of taxation had already been performed when the tax was properly levied by the authorities in Coos County, and this did not authorize the levying of any taxes, or regulate the manner in which they should be paid, but was an act of grace remitting certain penalties, but for which, the parties named in the act would have been liable. Neither does it conflict with any provision requiring taxes to be equal and uniform. The taxes levied upon the property in Coos County and every other county were, so far as this proceeding is concerned, equal and uniform, and the clause in question did not render them less equal or less uniform.

115 Or.—20

The whole subject presented here is an attractive one and furnishes material for elaborate discussion, especially, in view of the able brief submitted by counsel for the defendants. But the proceeding is instituted at a very late date, comparatively, and necessity for an immediate decision of the main question renders it impracticable to discuss in detail the authorities cited in opposition to the writ. We, therefore, content ourselves with saying, after an examination of all the authorities submitted, that the act in question makes it the positive duty of the various County Courts of the state to make the remissions as required therein, and that we find it not open to any constitutional objection. The demurrer is therefore overruled and a peremptory order directing defendants to comply with the exigency of the writ will be entered.      WRIT ALLOWED.

BEAN, BROWN and BELT, JJ., concur.