Argued and submitted on demurrer to alternative writ of *mandamus* January 29, demurrer overruled February 16, alternative writ made peremptory March 17, 1926.

## STATE EX REL. *v.* MARION COUNTY ET AL.

(243 Pac. 558.).

**Taxation—Statute for Remission of Interest, Penalties and Costs on Delinquent Taxes is Remedial, and Should be Liberally Construed.**

1. Laws of 1925, page 612, directing remission by County Courts of interest, penalties and costs on delinquent taxes for certain years on payment before certain time, is remedial, and should be liberally construed.

**Refusal to Accept Delinquent Taxes, Offered Without Interest, Penalties and Costs Under Law Remitting Same Before Certificate of Delinquency Could have Been Foreclosed, was Erroneous.**

2. The refusal of delinquent taxes for the year 1921, offered without interest, penalties and costs under Laws of 1925, page 612, before certificate of delinquency, if it had been issued, could have been foreclosed, was erroneous.

**Taxation—Beneficial Owner of Property may Take Advantage of Statute for Remission of Interest, Penalties and Costs on Payment of Delinquent Taxes.**

3. The real beneficial owner of property subject to tax, though not holder of legal title, may take advantage of provision of Laws of 1925, page 612, directing remission of interest, penalties and costs on taxes levied for certain years upon payment of delinquent taxes prior to certain date, or date on which foreclosure of certificate of delinquent taxes could be instituted, if certificate had been issued.

---

Statutes, 36 **Cyc.,** p. 1174, n. 76, 78, p. 1175, n. 79.
Taxation, 37 **Cyc.,** p. 745, n. 69 New, p. 1545, n. 84.

Original proceedings in *mandamus.*

                    DEMURRER OVERRULED.

---

1. See 25 **R. C. L.** 1077, 1092.

For plaintiffs there was an oral argument by *Mr. John H. Hall.*

For defendant there were oral arguments by *Mr. John H. Carson* and *Mr. Allan G. Carson.*

RAND, J.—The relator, E. L. Thompson, alleging himself to be the equitable owner of, and legally obligated to pay the taxes upon, certain real property in Marion County, instituted original proceedings in this court, praying for the issuance of an alternative writ of *mandamus,* commanding the defendants, the officers of Marion County, upon payment without interest, penalty or costs, of the amount of the tax assessed and levied on said real property for the year 1921, either to issue a tax receipt therefor, or show cause for not having done so. The cause shown is by demurrer to the writ.

It appears from the writ that the total tax assessed and levied against the property in question for the year 1921, exclusive of interest, penalties and costs, amounted to the sum of $1,647.20, and this sum was tendered by relator in payment thereof on September 28, 1925, but was refused, upon the ground that the tender and offer to pay was made too late. The amount thus tendered was then deposited with, and is now in the custody of the County Court of Marion County, to be applied in payment of the tax for said year, upon its acceptance by the County Court.

The principal question raised by the demurrer is the effect which should be given to the provisions of Chapter 314, Laws of 1925, which directs the remission by the County Courts of the several counties of the state, of all interest, penalties and costs, "which have been or may be incurred on all taxes levied in their respective counties on the tax-rolls for the years

1921, 1922 and 1923 to all taxpayers who, prior to May 1, 1925, or prior to the date on which foreclosure of certificates of delinquent taxes could have been instituted under the law if certificates of delinquency had been issued, shall have paid the original amount of such delinquent taxes on the property affected.'' The constitutionality of this act was controverted in *State* v. *Coos County*, 115 Or. 300 (237 Pac. 678). It was there held that the act was constitutional, and that the provisions of the act requiring County Courts to remit all accrued interest, penalties and costs upon payment or tender of the amount of the original tax, within the time provided, was mandatory.

1, 2. The act in question is a remedial statute, and should be liberally construed, in order to accomplish the purpose for which it was enacted, and should be extended to all cases fairly coming within the reason or the rule of the statute. The purpose of the statute was to enable all delinquent taxpayers, having property for which the taxes of 1921, 1922 and 1923 had not been paid, to pay them without being burdened with the interest, penalties and costs that had accrued since the levying of the tax. The taxes involved in this proceeding were levied in 1921, and clearly come within both the reason and the rule of the statute. Therefore, the remedy provided by the statute was available to the relator, who was entitled to pay the original amount of the tax, and to be relieved from the burden of paying the accrued interest, penalty and costs, and it clearly was error for the county officials of Marion County to refuse to accept payment from relator of the original amount of the tax as provided for in the statute. This is so, because the taxes levied in 1921 did not become delinquent, under the provisions of another statute, until December 5, 1922,

and if any certificate of delinquency had been issued, it could not have been foreclosed until December 5, 1925, several months after the offer to pay was made by relator.

We have read the brief submitted in support of the demurrer, and frankly admit that we are unable to understand the reasoning of it, or the point sought to be raised. It seems to be contended that the language employed in the statute, "on the tax rolls for the years 1921, 1922 and 1923," refer to the assessments made in 1920, 1921 and 1922. How that, if true, could be of avail to defendants, we cannot see, since in that case these taxes must have appeared on the tax-roll of 1922, which is one of the years provided for in the statute, and in any event a certificate of delinquency, if it had been issued, could not have been foreclosed until after the offer of payment was made. We do not, however, so read the statute. Taxes are assessed and levied each year, and whether the roll, upon which the assessable property and the amount of the tax chargeable against it appears, be designated at one time as an assessment-roll, and later as a tax-roll, it all refers to the taxes of the year in which the assessment was made, and in the one case is the assessment-roll and in the other the tax-roll for that year, and this is so regardless of when the assessment-roll and the warrant for the collection of the tax is delivered to the tax collector.

3. Nor do we find merit in the contention that no one but the holder of the legal title can avail himself of the benefits of this act. Under the allegations of the writ, plaintiff was the real, beneficial owner of the property subject to the tax, and as such had as much or more interest in having the taxes paid than the mere holder of the legal title could have had, and was as much entitled to pay the tax and secure the

benefits of the act as he would have been if he had been the owner of both the legal and equitable title.

For the reasons indicated, the demurrer will be overruled.

> DEMURRER OVERRULED. ALTERNATIVE WRIT MADE
> PEREMPTORY.

BEAN, J., did not sit in this case.