521 P.2d 144

Hans R. SULIK, Plaintiff-Respondent,

v.

CENTRAL VALLEY FARMS, INC., an Idaho corporation, Defendant,

and

Utah Power & Light Company, a Utah corporation, Defendant-Appellant.

No. 11279.

Supreme Court of Idaho.

April 15, 1974.

Morton B. Hiller, St. Clair, St. Clair, Hiller & Benjamin, Idaho Falls, for appellant Utah Power & Light Co.

William D. Olson, Racine, Huntley & Olson, Pocatello, for respondent Sulik.

BAKES, Justice.

This appeal arises out of a negligence action brought by plaintiff-respondent Hans R. Sulik, hereinafter Sulik, against defendant-appellant Utah Power & Light Company, hereinafter Utah Power, and Central Valley Farms, Inc., hereinafter Central Valley. Following a jury verdict of $35,000 in favor of Sulik against Utah Power, and the trial court's denial of Utah Power's motion for new trial or, in the alternative, a remittitur, Utah Power brought this appeal. Sulik's claim against Central Valley was settled prior to trial.

In March, 1970, Douglas Campbell, an employee of Utah Power, pursuant to a request from Central Valley, ran a new electrical service hookup to a tenant house located on the property of Central Valley. In making the service hookup, it was necessary for Campbell to disconnect certain wires affixed to a private power pole owned and maintained by Central Valley. After the removal of some of the wires affixed to the private pole, the pole fell over because the base had rotted. The only lines attached to the private pole were private lines belonging to Central Valley which supplied electrical current to sheds and various buildings on the farm. Campbell righted the pole in order to get the remaining Central Valley lines off the ground and secured the pole in a temporary fashion by affixing a guy wire from the pole to the tenant house. He then advised the Central Valley tenant-employee who lived in the tenant house, Michael Gibson, that the pole had fallen over and that it should be repaired or replaced since he had only effected temporary repairs. The record is conflicting concerning Gibson's authority with Central Valley. Gibson testified that he was a foreman for the Central Valley corporation, and that he relayed Campbell's instructions to either Paul Christensen, president of Central Valley, or Boyd McNeil, another foreman for Central Valley. However, Christensen denied that Gibson had told him of the defective pole, and further raised doubt as to Gibson's foreman status, stating that Gibson's employment was only on a trial basis. However, there is no question in the record that Gibson was an employee of Central Valley and was tenant in the house at the time that Campbell advised him of the defective condition of the pole.

Central Valley did not replace or repair the pole. Four or five months later, Central Valley requested plaintiff Sulik, an electrician, to perform some electrical work on the farm. Part of the work required Sulik to climb the pole which had fallen while Campbell was running the service hookup to the house. After making a cursory inspection of the pole, Sulik leaned a ladder against the pole and proceeded to climb the ladder. As he cut the wires at the top of the pole, the 20-foot pole began to fall. Sulik jumped free of the pole and sustained permanent injuries to his right foot when he landed on the ground.

The main issue in the trial of this case was whether or not Utah Power failed to exercise reasonable care to avoid injury to others when it temporarily righted the fallen power pole and attempted to give notice of the dangerous condition created thereby to the owner of the pole, Central Valley, by notifying Gibson of the condition. Essential to the resolution of that issue is the subordinate issue of whether or not the tenant-employee Gibson had authority to receive notice of the alleged dangerous condition on behalf of the Central Valley corporation.

■ The general rule that notice to the agent is notice to the principal is well established. Harding v. Home Investment Etc. Co., 49 Idaho 64, 286 P. 920 (1930); Restatement Agency 2d (1958), § 268 at p. 582 et seq.; In re Estate of Milliman, 101 Ariz. 54, 415 P.2d 877 (1966). *See also* Claris v. Oregon Short Line RR So., 56 Idaho 169, 51 P.2d 217 (1936), cert. denied, 297 U.S. 714, 56 S.Ct. 590, 80 L.Ed. 1000. Likewise, knowledge of the agent, acquired during the course of the agency relationship, and while the agent is not acting in an interest adverse to that of the principal, is imputed to the principal. Restatement Agency 2d, *supra,* § 272 at p. 591, § 381 at p. 182; Seavey, Law of Agency, 1964, § 97 at p. 174; Imperial Finance Corp. v. Finance Factors, Ltd., 53 Haw. 203, 490 P.2d 662 (1971); Supreme Petroleum, Inc. v. Briggs, 199 Kan. 669, 433 P.2d 373 (1968).

The record contains uncontradicted evidence that Campbell informed Michael Gibson of the defective condition of the pole and the temporary repairs he had made, and the necessity to make permanent repairs. If Gibson possessed either actual or apparent authority to receive notice of the defective condition of the pole, then the notice to Gibson would have been notice to Central Valley Farms. However, the trial court did not instruct the jury regarding the agency relationship between Gibson and Central Valley, and Utah Power assigns as error the trial court's failure to "instruct the jury concerning the legal effect of Utah Power and Light's notice of the defective pole to the Central Valley Farms employee." Utah Power argues that without such an instruction, the jury could not have properly determined whether or not Utah Power exercised reasonable care in warning of the danger caused by the defective pole.

■ A trial court has the duty to properly instruct the jury on the law applicable to the case before it. IRCP Rule 51; Rosenberg v. Toetly, 94 Idaho 413, 489 P. 2d 446 (1971); Nichols v. Sonneman, 91 Idaho 199, 418 P.2d 562 (1966). The evidence in this case raised a question for the jury concerning whether or not Gibson was an agent of Central Valley authorized to receive notice of a defective condition on the premises. Thus, the jury was required to decide whether or not an agency relationship existed between Gibson and Central Valley which permitted Gibson to receive notice of any defective condition on the farm. The resolution of that issue would have a direct effect upon the reasonableness of Campbell's conduct in temporarily securing the pole and warning Gibson thereof. Therefore, the failure to instruct on the agency issue was prejudicial error necessitating a new trial. Hodge v. Borden, 91 Idaho 125, 417 P.2d 75 (1966); Drury v. Palmer, 84 Idaho 558, 375 P.2d 125 (1962); Investors M. S. Co. v. Strauss & Co., Inc., 50 Idaho 562, 298 P.2d 678 (1931).

■■ In view of our disposition of this appeal by the granting of a new trial, we should also consider questions of law which may arise on a retrial of the case. I.C. § 1–205; Cassia Creek Reservoir Co. v. Harper, 91 Idaho 488, 426 P.2d 209 (1967); Ore-Ida Potato Products, Inc. v. United Pacific Insurance Co., 87 Idaho 185, 392 P.2d 191 (1964). One such issue is Utah Power's assignment of error relating to the trial court's instructions to the jury concerning contributory negligence. Instruction No. 21 provides as follows:

"If you decide that the defendant was negligent and that its negligence was a proximate cause of the injury to the plaintiff, it is not a defense that something else may also have been a cause of the injury.

"However, if you decide that the sole proximate cause of the injury to the plaintiff was something other than the conduct of the defendant, then your verdict should be for the defendant." Rptr. Tr. p. 266.

Utah Power argues that by instructing the jury that their verdict should be for the defendant if the *sole* proximate cause of the plaintiff's injury was something other

than the conduct of the defendant, the court in effect deprived Utah Power of its affirmative defense of contributory negligence, since contributory negligence need not be the *sole* proximate cause of the injury, but only a contributing proximate cause. Sulik argues that the record does not even contain sufficient evidence of contributory negligence to warrant instructing on contributory negligence. In response to Sulik's argument, suffice it to say that the record contains ample evidence of Sulik's contributory negligence to justify giving an instruction to the jury. Rosenberg v. Toetly, *supra; cf.* Otto v. Mill, 94 Idaho 109, 482 P.2d 84 (1971).

 Contributory negligence which will bar recovery is established when it is shown that at the time of, or before the injury, the person injured was guilty of a failure to exercise ordinary care for his own protection and that such failure was a proximate and contributing cause of the injury.[1] *See also* Smith v. Sharp, 82 Idaho 420, 354 P.2d 172 (1960). Contributory negligence need not be the sole proximate cause of the plaintiff's injuries since it is well established that there may be more than one proximate cause of an injury, Lindhartsen v. Myler, 91 Idaho 269, 420 P.2d 259 (1966); *see also* 57 Am.Jur.2d, Negligence, § 379 at p. 797 (1971), and that the same tests which are applied in determining whether the conduct of a defendant was the proximate cause of the injury are applied in determining whether the conduct of the plaintiff contributed to

his injury. Prosser, Law of Torts, 4th Ed., 1971, Ch. 11, § 65, at p. 418; 57 Am. Jur.2d, Negligence, § 381 at p. 789 (1971). In Formont v. Kircher, 91 Idaho 290, 420 P.2d 661 (1966), this Court stated:

> "In Pigg v. Brockman, 85 Idaho 492, 381 P.2d 286 (1963), this court held that there can be more than one proximate cause of an injury. Therein, this court quoted with approval the following statement from Riddle v. Artis, 243 N.C. 668, 91 S.E.2d 894, as follows:
>
> > " 'It is elemental that there may be two or more proximate causes of an injury. These may originate from separate and distinct sources or agencies operating independently of each other; yet if they join and concur in producing the result complained of, the author of each cause may be held liable for the injuries inflicted, * * *.' " 85 Idaho 501, 381 P.2d 291." 91 Idaho at 299, 420 P.2d at 670.

 The giving of an instruction which in effect obviated the defense of contributory negligence unless the negligence of the injured party is the sole proximate cause of his injury was error.[2]

The action is reversed and remanded for a new trial.

Costs to appellant.

SHEPARD, C. J., and McQUADE and McFADDEN, JJ., concur.

DONALDSON, J., dissents.

---

1. Note that I.C. § 6–801, enacted 1971 Session Laws, Ch. 186, § 1, at p. 862, relating to comparative negligence, was not in effect at the time Sulik's injuries were sustained.

2. The trial court also gave the following instruction on contributory negligence:

 "INSTRUCTION NO. 19. If you find contributory negligence on the part of the plaintiff and that this contributory negligence was the proximate cause of this injury then you must find for the defendant.

 "When I use the expression 'Contributory Negligence', I mean negligence on the part of the plaintiff which proximately contributed to cause the injury and damage."