560 P.2d 873

**Sandra S. GOODFELLOW, Plaintiff-Appellant,**

v.

**Jack Sheldon COGGBURN, Bergen-Brunswick Corporation et al., Defendants-Respondents.**

No. 12034.

Supreme Court of Idaho.

March 3, 1977.

The deceased was the thirteen-year-old son of the plaintiff-appellant Sandra S. Goodfellow. He was killed when the tractor which he was driving upon a public highway was struck by a car driven by defendant-respondent Jack Coggburn. The only witness to the accident was respondent. He testified that the accident occurred when the deceased turned left without signaling just as respondent was attempting to overtake and pass the tractor. Based upon the jury's verdict that the deceased was 83.5 percent negligent and that respondent Coggburn was 16.5 percent negligent, the trial court entered judgment for respondents. On appeal appellant contends that the verdict was the result of improper jury instructions.

Appellant first assigns as error the instruction that a minor operating a motor vehicle upon a public highway is held to an adult standard of care. As a general rule, a child is held to that standard of care which could be expected from an ordinary child of the same age, experience, knowledge, and discretion. *Davis v. Bushnell*, 93 Idaho 528, 465 P.2d 652 (1970); *Crane v. Banner*, 93 Idaho 69, 455 P.2d 313 (1969). There is a well-recognized exception, however, when a child is operating a motor vehicle upon a public highway. In such instances, the child is held to an adult standard of care. *Prichard v. Veterans Cab Co.*, 63 Cal.2d 727, 47 Cal.Rptr. 904, 408 P.2d 360 (1965); *Nielsen v. Brown*, 232 Or. 426, 374 P.2d 896 (1962); *Krahn v. LaMeres*, 483 P.2d 522 (Wyo.1971). Although the jurisdictions are split on whether to recognize this exception, 97 A.L.R.2d 872 (1964), we believe that it represents the better rule. The rationale supporting it was best stated in *Dellwo v. Pearson*, 259 Minn. 452, 107 N.W.2d 859, 863 (1961), by the Minnesota Supreme Court.

"To give legal sanction to the operation of automobiles by teen-agers with less than ordinary care for the safety of others is impractical today, to say the least. We may take judicial notice of the hazards of automobile traffic, the frequency of accidents, the often catastrophic re-

Jay D. Sudweeks and James J. May, of May, May, Sudweeks & Fuller, Twin Falls, for appellant.

Robert C. Paine, of Parry, Robertson, Daly & Larson, Twin Falls, for appellee.

DONALDSON, Justice.

The issues on this appeal are whether the trial court erred in giving one jury instruction and in refusing to give three others. The challenged instruction stated that a minor operating a motor vehicle upon a public highway is held to an adult standard of care. Those which were refused would have instructed the jury that the deceased was presumed to be acting with due care at the time of the accident and that certain factors affect the amount of care a reasonably careful person would exercise. We find no prejudicial error, and therefore affirm the judgment of the trial court.

sults of accidents, and the fact that immature individuals are no less prone to accidents than adults. While minors are entitled to be judged by standards commensurate with age, experience, and wisdom when engaged in activities appropriate to their age, experience, and wisdom, it would be unfair to the public to permit a minor in the operation of a motor vehicle to observe any other standards of care and conduct than those expected of all others. A person observing children at play with toys, throwing balls, operating tricycles or velocipedes, or engaged in other childhood activities may anticipate conduct that does not reach an adult standard of care or prudence. However, one cannot know whether the operator of an approaching automobile, airplane, or powerboat is a minor or an adult, and usually cannot protect himself against youthful imprudence even if warned. Accordingly, we hold that in the operation of an automobile, airplane, or powerboat, a minor is to be held to the same standard of care as an adult."

■ Appellant further contends that even if this Court requires children operating motor vehicles to conform to an adult standard of care, children driving farm vehicles upon the highway should still be held to a child's standard. She argues that this result is necessary to comply with the legislative intent expressed in I.C. § 49–308. That statute exempts various classes of persons from the requirement of obtaining a license to operate a motor vehicle. Among those exempted are all persons driving farm machinery which is temporarily operated upon a highway. The essence of appellant's argument is that the legislature intended to allow children to operate farm vehicles upon public highways. If the children are held to an adult standard of care, those who cannot conform to that standard may be

prevented from driving, contrary to the legislative intent. The statutes regulating the operation of motor vehicles, however, certainly do not indicate any intent to exempt children from their requirements. I.C. § 49–701 et seq. We therefore conclude that the trial court did not err in instructing the jury that a child operating a motor vehicle upon the public highway is held to an adult standard of care.

■■ Appellant next contends that the trial court erred in refusing to instruct the jury that the deceased was presumed to be acting with ordinary care at the time of and immediately preceding the accident. An instruction on the presumption of ordinary care is warranted only where there is no evidence of the decedent's conduct immediately prior to his death. *Anderson v. Gailey*, 97 Idaho 813, 555 P.2d 144 (1976). Since respondent Coggburn testified as to the actions of the decedent which led up to the accident, it was not error to refuse to give the requested instruction.

■ Finally, appellant assigns as error the refusal of her two instructions on the amount of care necessary to reach the level of ordinary care. The trial court defined negligence for the jury by giving the general definition contained in IDJI 210.[1] Appellant contends that the trial court should have added her instructions which stated, in essence, that the amount of care exercised by a reasonably careful person increases when dealing with agencies likely to cause great injury and when encountering an increase in forseeable danger. As in *Mills v. Hunt Brothers Construction, Inc.*, 96 Idaho 563, 532 P.2d 568 (1975), we believe that in this case the general definition of negligence contained in IDJI 210 sufficiently outlined the required standard of care. It instructed the jury that ordinary care means "the care a reasonably careful person would use under circumstances similar to

1. IDJI 210 provides as follows:

"When I use the word 'negligence' in these instructions, I mean the failure to use ordinary care in the management of one's property or person. The words 'ordinary care' mean the care a reasonably careful person would use under circumstances similar to those shown by

the evidence. Negligence may thus consist of the failure to do something which a reasonably careful person would do or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence."

those shown by the evidence." The facts of this case were not so intricate that they required the trial court to amplify the various factors which may affect the amount of care a reasonably careful person would have exercised.

The judgment of the trial court is affirmed. Costs to respondents.

McFADDEN, C. J., and SHEPARD, BAKES, and BISTLINE, JJ., concur.