THE OLD SECOND NATIONAL BANK OF AURORA, Adm'r of the Estate of Timothy A. Barna, Deceased, Plaintiff-Appellant, *v.* RICHARD J. BAUMANN, Defendant-Appellee.

Second District   No. 79-240

Opinion filed May 2, 1980.—Rehearing denied August 26, 1980.

Robert L. Speers and George P. Lindner, both of Lindner, Speers & Reuland, of Aurora, for appellant.

Peter K. Wilson, Jr., of Puckett, Barnett, Larson, Mickey, Wilson & Ochsenschlager, of Aurora, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion ·of the court:

Plaintiff, The Old Second National Bank, as administrator of the estate of Timothy A. Barna, appeals from a judgment of the Circuit Court of Kendall County entered on a jury verdict in favor of defendant, Richard J. Baumann, in plaintiff's wrongful death action.

The accident which is the basis of this action occurred on April 17, 1977, at approximately 1:37 a.m. Barna, Baumann, Scott Harvey, and other friends were at a party, and left at about 1:30 a.m. to go to a nearby restaurant for breakfast. Barna and Harvey decided to ride in the back of

Baumann's pickup truck. Another truck, driven by Thomas John Martin, followed the Baumann vehicle. Baumann was proceeding westbound on Wolf's Crossing at about 65 m.p.h. Barna and Harvey were sitting in the back of the truck and did nothing to distract the driver. For no particular reason Baumann turned around to check on his passengers at which point the truck went off the road to the right. Baumann saw a culvert approximately 40 to 50 feet ahead and while his truck was still traveling approximately 55 m.p.h. tried to bring it back on the road. At this point the truck crossed the road in a southwesterly direction, traveled 26 feet along the south side of the roadway, became airborne and traveled approximately 77 feet before landing upside down partially on the road. Barna was thrown from the truck and died as a result of his injuries. Baumann and Harvey survived.

Plaintiff filed suit in November of 1977. The case proceeded to trial in November of 1978. The parties agreed to waive the recording of the voir dire of the jury. According to a supplemental report of proceedings, prepared by plaintiff and certified by the trial court, plaintiff's attorney sought to ask the following question during voir dire:

"I believe that the evidence will be that the plaintiff's decedent was riding in the back of the pickup truck at the time of the occurrence. Does that fact and that fact alone prejudice you against the plaintiff?"

Defendant" attorney objected to the question and the trial court sustained the objection. At the close of all the evidence, plaintiff moved for a directed verdict with regard to Barna's contributory negligence and Baumann's liability. The trial court denied both motions. The jury returned a verdict in Baumann's favor and plaintiff appeals.

Four issues are raised by this appeal: (1) whether the trial court erred in denying plaintiff's motion for a directed verdict on the question of Barna's contributory negligence, (2) whether the trial court erred in denying plaintiff's motion for a directed verdict on the question of Baumann's liability, (3) whether the jury's verdict is against the manifest weight of the evidence, and (4) whether the trial court erred in refusing to allow plaintiff's attorney to inquire during voir dire if the fact that Barna was riding in the back of a pickup truck would prejudice any jurors against Barna.

■■ Plaintiff's first contention is that the trial court erred in refusing to grant its motion for a directed verdict on the question of contributory negligence. A party is guilty of contributory negligence if he fails to exercise ordinary care for his own safety and if his negligence was the proximate cause of his injury. Ordinarily the issue of contributory negligence is a question of fact for the jury. (*Chaplin v. Geiser* (1979), 79 Ill. App. 3d 435, 398 N.E.2d 628.) A directed verdict should only be

entered where all the evidence, when viewed in the light most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 299 N.E.2d 504, 513-14.) Thus to be entitled to a directed verdict in this case, it must appear, after considering the facts in the light most favorable to the defendant, that, as a matter of law, plaintiff was exercising ordinary care for his own safety while riding in the back of the pickup truck.

We have reviewed a number of cases concerning contributory negligence and riding in the back of an open truck. (See Annot., 44 A.L.R.2d 238, 292-95 (1955).) We find the reasoning in *Fontenot v. American Employers Insurance Co.* (La. App. 1965), 176 So. 2d 760, 761-62, to be most persuasive. In that case a passenger was squatting and holding on to the side of a truck while attempting to change his position. The driver swerved suddenly and the passenger was thrown from the truck. The court concluded that a passenger on the rear of a truck or an outrider on a vehicle should only be barred from recovery from risks incident to his position. This does not include the risk of negligent driving on the part of his driver. The court went on to distinguish those cases where a passenger had situated himself in a hazardous position which led to a fall from the vehicle. The court reasoned that "[u]nlike the riders in the cited cases, the present passenger maintained himself in what would have been a safe position on the vehicle, except for his driver's negligent sudden swerve and jolt into a hole in the road." See also *Skinner v. Jernigan* (1959), 250 N.C. 657, 664, 110 S.E.2d 301, 305: "The overturning of the truck and the injuries to both plaintiffs were not the logical consequence of plaintiffs' riding standing in the bed of the truck, but were the sole results of [the driver's] negligent operation of the truck."

In our view, the Illinois cases (*Hayes v. Alsburg* (1978), 52 Ill. App. 3d 355, 367 N.E.2d 568, *aff'd* (1978), 72 Ill. 2d 560, 382 N.E.2d 239, and *Ranson v. Wilson* (1948), 335 Ill. App. 7, 80 N.E.2d 381) cited by Baumann do not lead to a different conclusion. *Hayes* concerned the effect of a passenger's falling asleep on his duty to warn the driver of an impending danger. In that case there was no issue of the passenger's position in the vehicle. *Ranson*, on the other hand, did involve injury to a passenger riding in the back of an open truck. The decedent in that case, while standing near the cab, fell or was thrown from the moving truck apparently when the truck made a turn. The jury, in answer to special interrogatories, found the driver to have been negligent and the decedent to have been free from contributory negligence. On appeal, the defendant argued that the decedent was contributorily negligent as a matter of law. Apart from its different procedural posture, *Ranson* is also distinguishable from the instant case in that the truck in *Ranson* did not

leave the road and crash. Indeed, *Ranson* is similar to the line of cases distinguished by the *Fontenot* court where a passenger's position in the vehicle, rather than the driver's causing an accident, was a possible cause of the passenger's fall from the vehicle.

██ The conclusion that merely riding in the back of a truck does not amount to contributory negligence is supported by the analogous situation of failure to wear seat belts. A long line of Illinois cases, beginning with *Mount v. McClellan* (1968), 91 Ill. App. 2d 1, 234 N.E.2d 329, hold that the failure to wear seat belts cannot, as a matter of law, constitute contributory negligence.[1] The Illinois rule with respect to seat-belt testimony is that while such evidence cannot be considered on the issue of contributory negligence, it may be relevant to the issue of the extent of damages. (*Kassela v. Stonitsch* (1978), 57 Ill. App. 3d 817, 820, 373 N.E.2d 608, 611.) Of the "seatbelt cases," *Atz v. Goss* (1974), 21 Ill. App. 3d 878, 316 N.E.2d 29, is of particular relevance to the present discussion as it also involved a question of the plaintiff's position in the vehicle. In *Atz*, the plaintiff was a passenger in a car driven by the defendant which collided at an intersection with a second defendant's car. Plaintiff was seated partially on the console of defendant's car with another person in the passenger seat. Defendant appealed a jury verdict in plaintiff's favor, claiming the trial court erred in refusing to instruct the jury in regard to plaintiff's possible contributory negligence. The appellate court rejected defendant's argument, noting that plaintiff's position within the car and failure to wear a seat belt did not amount to contributory negligence and were not the cause of plaintiff's injuries. In sum, we hold that as a matter of law, the fact that Barna was riding in the back of a pickup truck did not amount to contributory negligence.

██ It might also be argued that Barna's failure to ask Baumann to reduce his speed created a question of contributory negligence for the jury. (See *Pizano v. Trejo* (1971), 2 Ill. App. 3d 944, 274 N.E.2d 861; see also 8 Am. Jur. 2d *Automobiles & Highway Traffic* §532 (1963).) This issue was discussed by the parties at oral argument. However, Baumann failed to raise this contention before the trial court or in his brief to this court and therefore we conclude that he has waived its consideration. *Vasilopoulos v. Zoning Board of Appeals* (1975), 34 Ill. App. 3d 480, 340 N.E.2d 19.

██ Plaintiff also contends that the trial court erred in refusing to grant its motion for a directed verdict on the question of Baumann's negligence. More specifically, plaintiff contends that Baumann was negligent as a matter of law based on the uncontroverted evidence that he was driving at an unlawful rate of speed, that he drove off the side of the road, and that he unsuccessfully attempted to steer his truck back on the road while

---

[1] We also note that a similar rule is evolving with respect to the wearing of motorcycle helmets. See Annot., 40 A.L.R.3d 856 (1971).

still traveling 55 m.p.h. We agree with plaintiff that the evidence that Baumann was exceeding the speed limit is uncontroverted. Both Harvey and Martin testified that Baumann's truck was traveling 65 m.p.h. just before the accident. Baumann himself testified that his vehicle was still traveling at 55 m.p.h. when he attempted to steer back on the pavement. As recently restated by our supreme court, defendant's violation of a statute, such as a speed limit, that is designed to protect human life or property is *prima facie* evidence of negligence. In order to recover, a plaintiff must show that the violation proximately caused his injury. Since the violation of statute is only *prima facie* evidence of negligence, a defendant may still prevail by showing that he acted reasonably under the circumstances. Furthermore, contributory negligence may bar a plaintiff's recovery. (*Barthel v. Illinois Central Gulf R.R. Co.* (1978), 74 Ill. 2d 213, 384 N.E.2d 323, 326.) In the instant case there is no issue of proximate cause as no other vehicle or defendant was involved. (*Cf. Prignano v. Mastro* (1965), 61 Ill. App. 2d 65, 209 N.E.2d 12.) Also defendant failed to rebut plaintiff's *prima facie* showing by presenting evidence of the reasonableness of his conduct. Finally, as discussed above, plaintiff was not contributorily negligent.

Similarly, defendant's unjustified running off the road can be characterized as negligence *per se*:

> "[w]here an injury is shown to have been produced by an instrumentality which in the ordinary course of events would cause no such harm if those who have management of it used proper care, the accident itself affords reasonable evidence, in the absence of an explanation by the party charged, that it arose from want of proper care. The presumption is not proof and will yield to contrary proof, but we agree that defendant's explanation here that it occurred because she did not have control and because her foot slipped, does not overcome the presumption, and that the circuit court, under the *Pedrick* rule (37 Ill. 2d 494, 229 N.E.2d 504 (1967)), correctly directed a verdict for plaintiff." *House v. Stocker* (1975), 34 Ill. App. 3d 740, 742, 340 N.E.2d 563, 565; see also *Sughero v. Jewel Tea Co.* (1967), 37 Ill. 2d 240, 226 N.E.2d 28.

■■ In the instant case, Baumann explained that he ran off the road after turning around to observe his passengers. Like the explanation offered in *House*, Baumann's explanation does not overcome the presumption of his negligence, and therefore a directed verdict was called for. In sum, we hold that under the evidence presented the trial court erred in failing to direct a verdict for plaintiff on the issue of Baumann's negligence.

In light of the above discussion, the judgment of the Circuit Court of Kendall County must be reversed and this cause remanded for a new trial limited to the issue of damages. In light of this disposition we see no need

to discuss the alleged error concerning voir dire or plaintiff's contention that the jury's verdict was against the manifest weight of the evidence.

Reversed and remanded.

VAN DEUSEN and NASH, JJ., concur.