(No. 83-CC-0014–)

MARK W. JOHNSON, Claimant, *v.* THE STATE OF ILLINOIS
Respondent.

*Opinion filed November 30, 1983.*

CALIFF, HOOPER, FOX & DIELEY (DENNIS R. FOX, of
counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER,
Assistant Attorney General, of counsel), for Respondent.

POCH, J.

Claimant seeks to recover damages for personal
injuries sustained as a result of an accident in which
Claimant's pick-up truck collided with a State snowplow.

An evidentiary hearing was conducted by Commis-
sioner Bruno P. Bernabei, on March 18, 1983. The
commissioner has duly filed his report, together with the
transcript, together with the briefs, now before the
Court.

A summary of the facts determined at the hearing
before the commissioner is as follows:

The accident occurred at 1:20 p.m. on March 4,
1982, on U. S. Route 6 at its intersection with the
Oakwood Country Club Road in Colona Township,
Henry County, Illinois.

The collision occurred when Claimant, traveling
westbound behind the snowplow, entered the eastbound
lane of travel and attempted to pass the snowplow. As

Claimant began accelerating to pass, the operator turned the snowplow to the left from the westbound lane into the eastbound lane in an attempt to turn into Oakwood Country Club Road. It was the intent of the operator of the snowplow at that point to turn around and proceed back eastward on Route 6.

Claimant contends that the accident and his injuries were the proximate result of Mr. Parchert's negligent operation of the snowplow. Respondent denies that Mr. Parchet was negligent and contends that if he was, Claimant's own negligence should reduce his award proportionally. Claimant denies any negligence.

Claimant testified that weather conditions at the time of the accident were good, except that the highway was wet, apparently from melted snow. Claimant had been traveling west on Route 6 for several miles when he came upon the snowplow which was traveling about 30 m.p.h. and was not engaged in plowing operations. Between the two vehicles was a Cadillac automobile operated by an unknown driver.

Claimant further testified that at the point where Route 6 was, passing was permitted and the Cadillac automobile passed the plow. Claimant then pulled his vehicle into the eastbound lane at a point five car lengths behind the snowplow.

Claimant observed the Cadillac successfully complete its pass, saw that it was clear for him to pass, saw no turn signal actuated on the plow, and began to accelerate. At this time the snowplow turned to the left into the eastbound lane in an attempt to enter the Oakwood Country Club Road. Claimant braked, skidded a short distance, and struck the left rear of the snowplow.

Mr. James Parchert, the snowplow operator, testified

that he was traveling westbound on Route 6 for about six miles at a speed of 25 m.p.h., and that for the last two or three miles he was not engaged in plowing operations since there was no snow on the road.

On that two- or three-mile stretch leading to the point of the accident, several westbound vehicles passed the snowplow as he was proceeding west on Route 6. Parchert was attempting to find a side road so that he could turn around and proceed back eastward.

Parchert further testified that he saw the Cadillac automobile pass him a few seconds before he made his turn to the left. He saw Claimant's vehicle when he glanced in his rear view mirror approximately 250 feet east of the Oakwood Country Club Road. At that point Claimant was several car lengths behind Parchert and still in the westbound lane. Parchert did not remember if he looked for Claimant's vehicle again prior to the time he made the left turn. He did testify that he did not see Claimant's vehicle again until the collision. Parchert testified that from the point where he observed Claimant's vehicle 250 feet east of Oakwood Country Club Road to the time of the collision, he made the decision to turn around on Oakwood Country Club Road and had his left-turn signals on the entire distance.

State trooper Herbert Anderson and Department of Transportation field engineer Harry Faveri both testified that when they arrived at the scene after the accident they found the snowplow's left-turn signals still operating.

The Court finds from the evidence that the State employee, James Parchert, negligently operated the snowplow. Knowing that the Claimant was traveling behind him and that vehicles were routinely passing his

slow-moving snowplow, Parchert travelled some 250 feet and made a left turn across the passing lane without looking back to determine if the turn could be made in a reasonably safe manner. Failure to give an appropriate left turn signal as required by section 11—804 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—804), is a statutory violation and is *prima facie* evidence of negligence. *Old Second National Bank of Aurora v. Bauman* (1980), 86 Ill. App. 3d 315, 408 N.E.2d 224.

The Court further finds that Claimant was not guilty of negligence and therefore his damages will not be reduced pursuant to the theory of comparative negligence. *Alvis v. Riber* (1981), 85 Ill. 2d 1, 421 N.E.2d 886.

Dr. Edward D. Lanigan, Claimant's treating physician, testified that as a result of the accident, Claimant suffered a concussion which caused him severe headaches for several days. Claimant sustained a four-inch laceration on the right side of his forehead through all of the soft tissues around the skull, and 40 to 50 stitches were required to close the wound which left a permanent scar. Claimant's medical bills amounted to $972.80.

Based upon the record the Court finds that Claimant has proven his claim by a preponderance of the evidence that the Respondent was negligent.

It is hereby ordered that Claimant be and hereby is awarded the sum of ten thousand ($10,000.00) dollars.