697 P.2d 447

Wallace McPHETERS and Debra McPheters, for their own benefit, and as the natural parents and guardians of Aaron Roberts McPheters, a minor child, Plaintiffs-Appellants,

v.

Gene L. PETERSON, Defendant-Respondent,

and

The Ada County Highway District, a political subdivision of the State of Idaho, Defendant.

No. 15269.

Supreme Court of Idaho.

March 19, 1985.

Howard Humphrey, of Clemons, Cosho & Humphrey, P.A., Boise, for plaintiffs-appellants.

Louis F. Racine, Jr., of Racine, Olson, Nye, Cooper & Budge, Chartered, Pocatello, Idaho, attorney for defendant-respondent.

DONALDSON, Chief Justice.

On March 5, 1982, five-year-old Aaron McPheters was injured in an automobile accident in a residential Boise neighborhood. As he entered the intersection of Latah and Kootenai streets, Aaron was struck by an automobile driven by respondent, Gene Peterson. Wallace and Debra McPheters initiated this action seeking damages on their own behalf and as the parents and guardians of Aaron McPheters. They alleged that the accident resulted from the negligence of Gene Peterson and the Ada County Highway District.

The case was tried to a jury. The jury returned a special verdict finding that there was no negligence on the part of Gene Peterson or the Ada County Highway District which was the proximate cause of the accident. The McPheters have appealed citing as error the trial court's refusal to give Instructions 20 through 25 of their proposed jury instructions. The appeal against the Highway District was dismissed by stipulation of the parties.

The sole issue on this appeal is whether the failure to give plaintiffs' requested instructions 20 through 25 constitutes reversible error. The record reflects that at the close of the evidence at trial, the district judge met with counsel outside the presence of the jury to discuss the proposed jury instructions. At that time, the McPheters' attorney objected to the court's refusal to give plaintiffs' instructions 20 through 27. Those instructions spoke to the standard of care required of the operator of an automobile; in particular, the standard of care required when a child is present.

In declining to give the instructions, the trial judge stated that he was electing to rely on the approach set forth in the Idaho Jury Instructions (IDJI). He noted that IDJI 222 recommends that no instruction on the care required for the safety of a child be given. He further stated that, although he recognized some of the proposed instructions were taken from previous Idaho Supreme Court opinions, he believed under the circumstances of the present case they were argumentative and unnecessary, as the approved instructions adequately set forth the standard of care.

▮ I.R.C.P. 51(a)(2) recommends that a trial judge use the IDJI whenever it contains an applicable instruction, unless the judge finds that a different instruction would more adequately, accurately, or clearly state the law. I.R.C.P. 51(a)(2) (1980). Pursuant to this recommendation, the trial judge defined "negligence" for the jury according to the general definition contained in IDJI 210.[1] He also instructed the jury as to the standard of care required of a minor. IDJI 201[2]. We believe that these instructions adequately set forth the standard of care required of respondent in

this case. Appellants contend that the instructions did not adequately delineate the standard of care required of an adult in relation to a child, or of an operator of a motor vehicle in relation to a pedestrian. We disagree. As we have previously stated "[i]n all but the most intricate negligence cases, the general definition of negligence sufficiently outlines the required standard of care." *Mills v. Hunt Bros. Construction, Inc.*, 96 Idaho 563, 564, 532 P.2d 568, 569 (1975) (quoting *Messmer v. Ker*, 96 Idaho 75, 524 P.2d 536 (1974)). *See also, Goodfellow v. Cogburn*, 98 Idaho 202, 560 P.2d 873 (1977).

▮ The jury was instructed that ordinary care means "the care a reasonably careful person would use under circumstances similar to those shown by the evidence." Appellant has chosen not to provide us with a complete trial transcript, and, thus, we are unable to assess the evidence presented at trial. However, viewing the evidence most favorably to respondent as we are required to do on appeal (*McBride v. Ford Motor Co.*, 105 Idaho 753, 673 P.2d 55 (1983), Supreme Court must view evidence in favor of party prevailing below), the record actually before us does not demonstrate that this case was so intricate as to require additional instructions amplifying on this general standard of care. We hold that the trial court's instructions adequately stated the standard of care required of respondent in the present case. As we have repeatedly stated, where the substance of a party's proposed instructions are adequately covered, the trial court does not err in refusing the proposed instructions. *See, e.g., Garrett v. Nobles*, 102 Idaho 369, 374, 630 P.2d 656, 661 (1981).

1. "When I use the word 'negligence' in these instructions, I mean the failure to use ordinary care in the management of one's property or person. The words 'ordinary care' mean the care a reasonably careful person would use under the circumstances similar to those shown by the evidence. Negligence may thus consist of the failure to do something which a reasonably careful person would do or the doing of some-

thing which a reasonably careful person would not do, under circumstances similar to those shown by the evidence."

2. "A minor has the duty to exercise the degree of care which would be expected from an ordinary child of the same age, experience, knowledge and discretion, under similar circumstances."

The decision of the trial court is affirmed.

Costs to respondent.

No attorney fees on appeal.

BAKES, J., and McFADDEN and WALTERS, JJ. pro tem, concur.

BISTLINE, Justice, dissenting.

I dissent from the majority's conclusion that the district court did not err in refusing to instruct the jury concerning the standard of care an automobile operator owes to a pedestrian and an adult owes to a child. Those instructions were vital in properly informing the jury of the requisite standard of care Mr. Peterson owed Aaron McPheters.

The instruction the district court used to instruct the jury with respect to the "standard of care" due in this case reads as follows: "The words 'ordinary care' mean the care a reasonably careful person would use under the circumstances similar to those shown by the evidence." Such a definition is too general to have any chance of being properly applied to the facts of a case such as this one. The *Restatement of Torts (Second)* § 285, comment d, states this point succinctly:

> If the standard of conduct is not fixed by reference to a legislative enactment, it is that of a reasonable man under the circumstances which, at the time of his action, the actor knows or has reason to know. *This standard is, without more, incapable of application of the facts of a particular case. It requires further definition, so as to express the opinion of society as to what should be done or left undone by a reasonable man under the circumstances of the particular case.*

(Emphasis added.)

The three requested instructions adequately delineated the standard of care of a reasonable person under the circumstances of this case. They read as follows:

Plaintiffs' Requested Instruction No. 23

While it is the duty of both the driver of a motor vehicle and a pedestrian, using a public roadway, to exercise ordinary care, that duty does not require necessarily the same amount of caution from each. The driver of a motor vehicle, when ordinarily careful, will be alertly conscious of the fact that he is in charge of a machine capable of projecting into serious consequences any negligence of his own. Thus, his caution must be adequate to that responsibility as related to all the surrounding circumstances. A pedestrian, on the other hand, has only his own physical body to manage and with which to set in motion a cause of injury. While usually that fact limits his capacity to cause injury, as compared with a vehicle driver, still, in exercising ordinary care, he, too, will be alertly conscious of the mechanical power acting on the public roadway, and of the possible serious consequences from any conflict between himself and such forces. And the caution required of him is measured by the danger of safety apparent to him in the conditions at hand, or that would be apparent to a person of ordinary prudence in the same position.

Plaintiffs' Requested Instruction No. 24

You are instructed that it is ordinarily necessary to exercise greater care for the protection and safety of young children than for adult persons possessing normal and mature faculties. Their conduct is unpredictable, and a person operating an automobile should anticipate their thoughtlessness and impulsiveness.

You are further instructed that it is a matter of common knowledge that children may at unexpected moments run upon or across the part of highways used for vehicles, and where the driver of a motor vehicle knows of the presence of a child or children in, near or adjacent to the street or highway upon which he is traveling, or should know that children may reasonably be expected to be in such vicinity, such driver is under a duty to exercise care commensurate with the emergencies presented. One driving an

automobile must not assume that children of immature years will exercise the care of their protection, and must not assume that such children will not expose themselves to danger.

Plaintiffs' Requested Instruction No. 25

Ordinarily it is necessary to exercise greater caution for the protection and safety of a young child than for an adult person who possesses normal physical and mental faculties. One dealing with children must anticipate the ordinary behavior of children. The fact that they usually do not exercise the same degree of prudence for their own safety as adults, that they often are thoughtless and impulsive, imposes a duty to exercise a proportional vigilance and caution on those dealing with children, and from whose conduct injury to a child might result.

Plaintiffs' Requested Instruction No. 23 was taken directly from the California Pattern Jury Instructions, BAJI 5.51. Over 30 years ago, the California Supreme Court in *Cucinella v. Weston Biscuit Co.*, 42 Cal.2d 71, 265 P.2d 513, 519–20 (1954), stated that this instruction should be given in cases involving motor vehicles and pedestrians. The reason is stated:

> The jury, *as a matter of law*, as well as factually in using common sense, good judgment and general knowledge, should recognize that the force of inertia of a heavy, fast-moving vehicle is greater than that of a comparative light and slow-moving pedestrian and that the respectively ensuing potentialities of harm and evolving responsibilities vary accordingly.

*Id.*, 265 P.2d at 520 (emphasis added). *See also Jones v. Mikesh*, 60 Idaho 680, 686, 95 P.2d 575, 578 (1939), wherein this Court approved the following instruction:

> The court instructs the jury that neither a pedestrian nor an automobile has a superior right to any part of a public highway in the State of Idaho. Each with respect to the other in the use of the highway is entitled to equality of right, the duties of both are reciprocal; *however, while the duty of exercising reasonable care for their own safety and the safety of others is imposed alike on both the pedestrian and the driver, the automobile being a dangerous instrumentality capable of inflicting fatal injuries, the comparative safety of its driver in case of a collision with a pedestrian is to be taken into consideration in measuring the duty of a driver.*

(Emphasis added.)

Plaintiffs' Requested Instruction No. 24 has also been approved by this Court. *See Mundy v. Johnson*, 84 Idaho 438, 448, 373 P.2d 755, 761 (1962). In *Davis v. Bushnell*, 93 Idaho 528, 531, 465 P.2d 652, 655 (1970), this Court approved a similar instruction and noted the appropriateness of such instructions by stating, "ordinary and due care may mean different conduct under different circumstances."

Plaintiffs' Requested Instruction No. 25 is based upon the California Pattern Instructions, BAJI 3.38. A California Court of Appeals in *Calandri v. Ione Unified School District*, 219 Cal.App.2d 542, 33 Cal.Rptr. 333, 335–36 (1963), held that the trial judge erred in refusing to give the instruction. Other states approve of similar instructions and the statement of law contained therein. *See, e.g., Kilpack v. Wignall*, 604 P.2d 462, 464–65 (Utah 1979); *Herness v. Goodrich*, 509 P.2d 1279, 1281 (Colo.App.1973); *Simpson v. Miller*, 499 P.2d 1102, 1104 (Kan.1972); *Cox v. Halbig*, 382 P.2d 421, 423–24 (Okla.1963); *Lehr v. Gresham Berry Growers*, 231 Or. 202, 372 P.2d 488, 492 (1962), *overruled on other grounds; Miller v. Harder*, 240 Or. 418, 402 P.2d 84 (1965); *see also* 7A *Am.Jur.2d* § 494, p. 718 and cases cited therein. The reasons for giving Requested Instruction Nos. 24 and 25 are self-evident; they are contained in the instructions themselves. They are particularly relevant and should have been used in this case in light of the fact that the accident occurred in the area of Monroe Elementary School where Aaron was returning home from kindergarten.

The above three requested instructions are correct statements of the law. Each has persuasive reason for its being used in this case and should have been allowed in order that the jury understand clearly what the reasonable person would have done under the circumstances of this case. Refusing to give such instructions constitutes reversible error, *Sulik v. Central Valley Farms Inc.*, 95 Idaho 826, 828, 521 P.2d 144, 146 (1974), and I accordingly dissent.