710 P.2d 614

**Wade KRIEGER, a minor child, by Melvin R. KRIEGER, his guardian ad litem, and Melvin R. Krieger, individually, Plaintiffs-Appellants,**

v.

**Donald Dee HOWELL and Donald A. Howell, Defendants-Respondents.**

**No. 15628.**

Court of Appeals of Idaho.

Nov. 19, 1985.

Richard K. Smith, Parsons, Smith, Stone & Fletcher, Burley, for plaintiffs-appellants.

John A. Doerr (argued) and Jacqueline S. Wakefield, Doerr & Trainor, Twin Falls, for defendants-respondents.

SWANSTROM, Judge.

Twelve-year old Wade Krieger was injured when he fell from the back of a pickup truck as it turned at an intersection in Burley, Idaho. This action was brought by Melvin Krieger, Wade's father, individually, and as Wade's guardian ad litem. Krieger alleged that the personal injuries suffered by Wade resulted from the negligence of the driver, fifteen-year old Donald Dee Howell. After a jury trial, a special verdict was returned, finding Wade sixty percent at fault and Howell forty percent. The Kriegers' motion for judgment notwithstanding the verdict and for a new trial was denied. On appeal, the Kriegers contend that the jury verdict is not supported by substantial and competent evidence and that a driver must be held to a higher standard of care if his passenger is a child. We affirm the judgment.

The relevant undisputed facts are as follows. Wade Krieger and a friend were walking to school one October morning when the friend requested a ride from Donald Dee Howell, who was driving a pickup owned by his father, Donald A. Howell. Because the cab was fully occupied, the two boys sat in the back of the pickup on a tool box fitted into the truck next to the cab. The top of the box was flush with the side panels of the truck bed. A spare tire and a child's bicycle were in the pickup when the boys first got in, although it was undisputed that there was enough room for the boys to sit or kneel in the bed of the truck if they had wished. The bike was removed from the back when one of the boys in the cab was let off at his school before the accident. Krieger's friend testi-

**706**

fied that he was aware of a separation between the cab and the pickup bed but did not hold onto the truck there. He stated that, because it was cold, he had his hands in his pockets. He thought Wade did also. Wade Krieger testified that there was nothing to hang onto while he was sitting on the tool box. Just before the accident, Donald Dee Howell was driving the truck on Overland Avenue at approximately thirty-five miles per hour. As the truck approached the intersection of Overland and Sixteenth Street, Howell noted the red light and down shifted into third gear. However, before he reached the intersection the light turned green and he proceeded to execute a left hand turn onto Sixteenth Street. Wade slid off the top of the tool box and fell to the pavement, suffering severe head injuries.

The rate of the truck's speed as it rounded the corner is unknown. Wade testified that he thought "the cars were going by kind of fast" on Overland. A passenger in the cab of the truck testified that he believed the truck was going twenty miles per hour when it made the left hand turn. He indicated that he did not believe the speed was excessive because the turn did not push his body up against the door. Further, Wade's friend riding in the back of the pickup also testified that he did not think Howell was driving too fast.

Based on these facts, the Kriegers argue that the jury's verdict finding Wade to be sixty percent at fault is not supported by substantial and competent evidence. In support of this contention the Kriegers assert that the evidence does not establish that Wade failed to act as a reasonably prudent person of his age and experience would have done under similar circumstances. Whether a person is contributorily negligent must be determined by "the conditions, circumstances and surroundings at the time of the accident and whether under such the person acted as a reasonably prudent person would have acted." *Hodge v. Borden,* 91 Idaho 125, 132, 417 P.2d 75, 82 (1966) (quoting *Stowers v. Union Pac. R. Co.,* 72 Idaho 87, 97, 237 P.2d 1041, 1047 (1951)).

In determining comparative negligence, the standard of care required of each party must be examined. Generally, a child is held to a standard of care which could be expected from an ordinary child of the same age, experience, and knowledge. *Davis v. Bushnell,* 93 Idaho 528, 465 P.2d 652 (1970). However, an exception exists in the case of a child operating a motor vehicle on a public highway. In such a situation the child is held to an adult standard of care. *Goodfellow v. Coggburn,* 98 Idaho 202, 560 P.2d 873 (1977).

"A passenger in an automobile has a duty to exercise the care and caution for his own safety that a reasonably prudent person of the same age and maturity would exercise in the same circumstances." *Ferbrache v. Dillon,* 100 Idaho 317, 319, 597 P.2d 40, 42 (1979). The duty to protect oneself from unreasonable risks, and to act as a reasonably prudent person, extends to passengers in a car. *Bell v. Joint School District No. 241,* 94 Idaho 837, 499 P.2d 323 (1972). Generally, a passenger may rely on the driver to operate the car with due care in the absence of special circumstances indicating the presence of imminent danger. *Ferbrache v. Dillon, supra.* However, special circumstances and the passenger's awareness of certain dangers may impose a greater standard of care. *Ferbrache v. Dillon, supra.* In sum, Howell is held to an adult standard of care, while Wade is held to the standard of care of a reasonably prudent twelve-year old under similar circumstances.

The Kriegers urge that Howell should be held to a higher standard of care due to the presence of children in the back of the truck. However, the Kriegers have not challenged the jury instructions setting forth the standard of care. In addition, our Idaho Supreme Court has recently held that a general definition of negligence as the failure to use ordinary care, defined as the care a reasonably careful person would use under similar circumstances, adequately sets forth the standard of care required of an operator of a car when a child is

present. *McPheters v. Peterson,* 108 Idaho 107, 697 P.2d 447 (1985). *See* 7A AM. JUR.2d *Automobiles And Highway Traffic* § 522 (1980). Reasonable or due care requires different conduct under different circumstances. *Davis v. Bushnell, supra.* The standard of care remains the same; however, the conduct required varies depending on the particular circumstances in each case.

There are a number of reported cases concerning contributory negligence and riding in the back of an open truck. *See generally,* Annot., 44 A.L.R.2d 238 (1955). Several courts note a distinction between a passenger who places himself in a hazardous position which led to a fall from the vehicle and a passenger who places himself in what would have been a safe position except for the driver's negligent driving. *E.g., Old Second National Bank of Aurora v. Baumann,* 86 Ill.App.3d 547, 41 Ill. Dec. 802, 408 N.E.2d 224 (Ill.App.1980); *Fontenot v. American Employers Insurance Co.,* 176 So.2d 760 (La.App.1965); *O'Dell v. Whitworth,* 618 S.W.2d 681 (Mo. App.1981). The underlying principle supporting this distinction relates directly to risks assumed by the passenger and those not assumed, as well as to whose negligence actually caused the injuries.

■ Appellate review of the sufficiency of evidence is limited in scope. A judgment, entered upon a jury verdict, will not be set aside when there is substantial and competent evidence to support the verdict. *Spanbauer v. J.R. Simplot Co.,* 107 Idaho 42, 685 P.2d 271 (1984). Substantial evidence does not require that the evidence be uncontradicted. Rather it requires "that the evidence be of sufficient quantity and probative value that reasonable minds could conclude that the verdict of the jury was proper." *Quincy v. Joint School District No. 41, Benewah County,* 102 Idaho 764, 768, 640 P.2d 304, 308 (1981) (quoting *Mann v. Safeway Stores, Inc.,* 95 Idaho 732, 736, 518 P.2d 1194, 1198 (1974)). In addition, we must view the evidence, and draw all reasonable inferences, in the light most favorable to the respondent.

*McBride v. Ford Motor Co.,* 105 Idaho 753, 673 P.2d 55 (1983).

Reasonable inferences can be drawn from the evidence which will support a finding of negligence on the part of both Howell and Wade Krieger. One inference from the evidence is that Howell's failure to instruct or direct the boys to sit in the bed of the pickup and hold on, rather than to sit upon the toolbox, was a contributory factor in the accident and injuries. The jury could also find negligence on Howell's part in failing to remain aware of the boys' exposed position on the tool box, calling for reduced speed in making turns. The prudent speed would, of course, be less than the speed at which turns normally could be taken without passengers in that position. In determining whether Howell was negligent the jury was bound to measure his acts and omissions against the standard of a reasonably prudent adult in similar circumstances.

As to Wade Krieger's conduct, the jury reasonably could have found him negligent also, even under the standard of care applicable to a twelve-year old child. It is reasonable for a child of that age and experience to be aware of the hazards of sitting up on a smooth platform in the back of a pickup. The jury could reasonably infer that the boy was not hanging on to anything to maintain his position. From the evidence the jury may have found that Wade's hands were in his pockets just before the accident. Under such circumstances, Wade could have fallen in the turn even if the pickup was being operated at a reasonable speed. It is for the jury to determine whether Wade, as a passenger, exercised such care for his own protection as a reasonably careful child would have exercised under similar circumstances. *See Smith v. Union Pacific Railroad Co.,* 222 Kan. 303, 564 P.2d 514 (1977). Negligence is a subject well suited for resolution by the jury, especially when the conduct of a child is involved. *Crane v. Banner,* 93 Idaho 69, 455 P.2d 313 (1969). The jury is

fully capable of resolving the issue of the capacity of children for care and caution. *Mundy v. Johnson*, 84 Idaho 438, 373 P.2d 755 (1962).

■ Once the jury finds there is negligence on the part of the driver and the passenger, it must weigh the negligence of each party to determine what part or percentage each party's negligence played in causing the accident. This weighing process is done on the same scale, without regard to whether one was an adult and one was a child. In this analysis we believe that a jury could reasonably find that Krieger's negligence was a greater contributing cause of the accident than was Howell's negligence. Because we find there was substantial and competent evidence to support the jury verdict, we hold that the district court did not err in denying the motion for judgment notwithstanding the verdict.

Krieger's motion for a new trial was based upon the same grounds as was the motion for judgment n.o.v. The grounds alleged fall within subsection (6) of I.R.C.P. 59(a): "Insufficiency of the evidence to justify the verdict ... or that it is against the law." We have already held that the evidence was sufficient to justify the verdict and that the verdict was not against the applicable law. Appellant has pointed to no other alleged errors in the granting of instructions or the admissibility of evidence. Appellants must show that the trial court's determination not to grant a new trial was a manifest abuse of discretion. *Stout v. Westover*, 106 Idaho 533, 681 P.2d 1008 (1984); *Annau v. Schutte*, 96 Idaho 704, 535 P.2d 1095 (1975). It has not been shown that there was any abuse of discretion in denying the motion for a new trial.

Judgment affirmed. Costs to respondents, Donald Dee Howell and Donald A. Howell. No attorney fees on appeal.

WALTERS, C.J., and BURNETT, J., concur.